Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Adrianna Simonelli, OSB No. 222481
ASimonelli@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000

*Attorneys for Defendant University of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, KENDALL CLARK, HALLI FIELDS, NATASHA GEORGE, JOSIE GRIFFITHS, JADE BERNAL, DAHLIA MCALLISTER, PRESLEY MCCASKILL, ABIGAIL PLEVIN, VALERIE PETERSON, ELLA TYUS, SIULOLOVAO FOLAU, ALEX LAITA, BATIA ROTSHTEIN, ZOE ALMANZA, BEATRICE WETTON, MIA LOPEZ, DELANEY HOPEN, CARLY WALLACE, SAVANNAH SIEGRIST, ANASTASIA LIMA, MADELYN LAFOLLETTE, ALEXANDRA HADEN, JOSIE COLE, ALAINA THOMAS, VIVIAN DONOVAN, ELISE HAVERLAND, RIVER RIBEIRO, SOPHIA SCHMITZ, SYDNEY WEDDLE, CLAIRE DALEY and ANNA MARIA KNIGHT, Individually and on behalf of all those similarly situated, | Case No. 6:23-cv-01806-MC<br><br><br>**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
|           Plaintiffs, | |
|    v. | |
| UNIVERSITY OF OREGON, | |
|           Defendant. | |

1-    DEFENDANT'S ANSWER, DEFENSES, AND
      AFFIRMATIVE DEFENSES TO PLAINTIFFS'
      CLASS ACTION COMPLAINT

165198065.3

The University of Oregon denies Plaintiffs' allegations that it violated Title IX. There is no evidence that the University of Oregon engaged in gender discrimination against any of its student-athletes, female or male, past or current. The specious comparison of women's beach volleyball to football is not how a proper Title IX analysis works. This comparison disregards the clearly equitable treatment and benefits provided overall to male and female student-athletes across the University of Oregon's athletic department. The University of Oregon, which fields twelve varsity women's teams compared to eight men's varsity teams, provides its varsity student athletes, female and male, with a high-quality experience fully in compliance with Title IX.

Regardless of the sport or gender, each and every varsity student athlete—including the women's varsity beach volleyball team—have access to:

- The world-class Marcus Mariota Sports Performance Center where the University of Oregon provides recovery, athletic medicine, and strength and conditioning;

- Training table meals five days a week at the Hatfield-Dowlin Complex;

- Nutrition stations in athletic facilities all around campus, and access to nutritionists;

- Annual education-related *Alston* awards from the University of Oregon totaling nearly $6,000 if they are academically eligible, regardless of whether they are also receiving a separate scholarship or are a walk-on;

- An allotment of gear and equipment for their respective sport; and,

- Access to the state-of-the-art Jaqua Academic Center with tutoring, access to learning specialist, study hall and priority registration for courses.

2-   DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

Further, long before Plaintiffs' lawsuit was filed, the University of Oregon began and has been fundraising for an identified, centrally located, women's beach volleyball facility located in the heart of the University of Oregon's campus. Long before Plaintiffs' lawsuit was filed, the University of Oregon authorized scholarships for beach volleyball player recruitment. Long before Plaintiffs' lawsuit was filed, the University of Oregon ensured and continues to ensure that beach volleyball players received access to the same services available to all other student-athletes based on the type of sport at issue (e.g., whether the sport is a contact sport or the size of team) without regard to the sex of the student athletes on the team.

In addition to its National Collegiate Athletics Association (NCAA) sanctioned varsity sports, the University of Oregon recognizes 41 club teams through its Club Sports program, which provides both athletic and leadership development opportunities for participating students. These club teams are—by design—student started, student led, student funded, and student run. Equipment is provided by club team participants or, sometimes by donors. The club teams provide leadership opportunities for participants through club sport officer positions as well as the club sports advisory board. The University of Oregon evaluates the interest in these athletic opportunities through regularly conducted surveys, which confirm it accommodates fully and effectively, the interests and abilities of male and female students.

Plaintiffs' 115-page Complaint is replete with pages and pages of inaccuracies and outright false allegations. There has been no discrimination against Plaintiffs based on sex, and therefore no Title IX violations. To the contrary, the University of Oregon wants all of its students, including student-athletes, to flourish regardless of sex, gender, gender preference, race, religion, national origin, or any other protected class.

3-    DEFENDANT'S ANSWER, DEFENSES, AND
      AFFIRMATIVE DEFENSES TO PLAINTIFFS'
      CLASS ACTION COMPLAINT

165198065.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Accordingly, the University of Oregon (University) hereby answers and responds to Plaintiffs' specific allegations by corresponding numbered paragraphs as follows:

## INTRODUCTION

1.      The allegations in paragraph 1 are a statement of Plaintiffs' claims and/or legal conclusions that do not require an answer. To the extent a response is required, the University denies the allegations in paragraph 1.

2.      The University admits that the Plaintiffs listed in paragraph 2 played either varsity beach volleyball or participated on the club rowing team. The University denies the remaining allegations in paragraph 2.

3.      The University has not violated Title IX. The University has been vigilant over Title IX compliance as demonstrated through the years of continuous expansion and investment in women's sport teams and facilities. The University lacks knowledge of Plaintiffs' intentions in bringing this lawsuit. The University denies all allegations in paragraph 3.

4.      The University lacks knowledge of Plaintiffs' intentions in bringing this lawsuit. The University denies all allegations in paragraph 4.

5.      The University lacks knowledge of Plaintiffs' intentions in bringing this lawsuit. The University denies all allegations in paragraph 5.

6.      The University vehemently denies that it provides its men's varsity teams "unbelievably better treatment" than it gives to the women's varsity teams. The University admits that it has a men's football team that comprises on average one third of the male varsity student-athletes. The University admits that given the unique nature of football, as a full contact sport and given the size of the team, it has a larger coaching staff, takes chartered flights to away games because the team and staff fill a full flight, is required to stay at a hotel the night before home games, and has a large team meeting room for studying game footage and other team preparation. The University admits that other varsity teams use the meeting space. The locker rooms, gear, and other equipment is dictated by the sport and size of the team and what is needed

to compete safely and effectively. The University denies that it provides the football team with preferential scheduling for training, practices, and games. The University admits all varsity student athletes receive the same per diem provided by the University, and if the University provides a meal to the team the student's per diem is accordingly reduced. The University denies that it provides "round-the-clock" access to trainers and medical professionals or "nearly-unlimited publicity" for the football team. All varsity student athletes have equivalent access to medical care from the athletic training staff and have access to the same publicity and Name, Image, and Likeness (NIL) services. The University denies all remaining allegations in paragraph 6.

7.      The University admits that The Oregonian published the articles referenced in paragraph 7. The University did not author the articles and does not agree with their characterization of the program, and on that basis denies the remaining allegations in paragraph 7.

8.      The University denies the allegations in paragraph 8. Women's beach volleyball began in the NCAA as a Division I emerging sport in 2014. When the University began its beach volleyball program in the 2014-2015 season, it was intended to be a crossover sport for the varsity student athletes already participating on the women's indoor volleyball team. For many seasons, the entire beach volleyball roster was composed of varsity indoor volleyball players who wanted to participate in beach volleyball for additional training during their off-seasons.

Eventually, beach volleyball became a more established sport in the NCAA and at the University, and within the last few years, the beach volleyball roster began to include mostly or solely beach-only student athletes. Before the COVID-19 pandemic, the University began discussion of and planning for a dedicated beach volleyball facility on campus. The development of those plans have been ongoing over the past five years. A central, on-campus location with proximity to the Matthew Knight Arena has been selected for a new beach volleyball facility after completion of an extensive campus planning process, and design is currently underway.

5-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

The University admits that the University has an agreement to use two of the sand volleyball courts at the City of Eugene Park, Amazon Park, since the 2014-2015 season. The University is located in Eugene—there is no location close to the beach at an ocean or lake for courts. The University did not already have sand courts on campus at the time beach volleyball began. The University brings its own volleyballs and other equipment to the park. The University also supplies a separate portable toilet that has a door and lock and is available only to the beach volleyball student athletes. Prior to practice, the student managers and coaches thoroughly rake the sand and remove items that do not belong. The beach volleyball players have sand that is well-groomed and ready for their safe play before practice or a competition begins. The University denies the remaining allegations in paragraph 8.

9.      The University denies the allegations in paragraph 9. The University provides all varsity student athletes, both women and men, with the gear and equipment needed to participate in their respective sports at the beginning of each season. The University has provided the beach volleyball team with new gear and equipment including but not limited to sunglasses, visors, running shoes, sand socks, beach volleyballs, rain gear, and backpacks.

10.     The University denies the allegations in paragraph 10. All varsity student athletes are provided athletic training services at the Hatfield-Dowlin Complex. Trainer attendance at practices is dictated, in primary part, by the risk of the sport. Because women's beach volleyball is a low-risk sport, trainers do not attend every practice. Because football is a high-risk sport, trainers are required to attend every practice. The difference in the presence of an athletic trainer arises due to the risk of the sport being played, not the gender of the team playing the sport. For example, women's lacrosse and soccer have higher risk and therefore have trainers at practices as compared to the lower risk sports of men's tennis and golf where trainers are not at every practice.

The University denies that any varsity student athlete has a staff of medical personnel "awaiting their every need." The beach volleyball team, just like every varsity student athlete on

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

any men or women's team, have concierge access to athletic training and can schedule same day or next day appointments to see the athletic trainers. All varsity student athletes have access to emergency care when required. The University denies that members of the women's beach volleyball team have to provide each other with medical care. The University denies that members of the women's beach volleyball team have to drive each other to medical facilities to receive treatment. Athletic trainers are available to transport student athletes and the beach volleyball players and coaches all know how to contact a trainer if one is not present and they need assistance. The University denies all remaining allegations in paragraph 10.

11. The University admits that the webpage referenced in paragraph 11 exists. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the information on the webpage as argumentative, inaccurate, and incomplete. The webpage is not owned or controlled by the University, and the University has not confirmed the accuracy of the information on the website and on that basis the University denies all remaining allegations in paragraph 11.

12. The University denies that it owns, operates or has any control over an NIL collective, including Division Street. The University admits that On3 published the article referenced in paragraph 12. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the article as argumentative, inaccurate, and incomplete. The University did not author the article and has not verified the information in the article, and on that basis the University denies the remaining allegations in paragraph 12.

13. The University denies the allegations in paragraph 13. Despite the extraordinary length of Plaintiffs' Complaint, Plaintiffs fail to allege plausible facts to show that, on balance, female varsity student athletes receive unequitable treatment and benefits compared to male varsity student athletes department wide. Notably, Plaintiffs' Complaint refers only to beach volleyball and football, two very different sports, while omitting that the University's facilities

and equipment for women's track and field, golf, softball, and basketball are acknowledged nationally as some of the finest in the country.

14.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the Equity in Athletics Disclosure Act (EADA) reports as argumentative, inaccurate, and incomplete. The EADA reports speak for themselves. The University denies all remaining allegations in paragraph 14.

15.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the EADA reports as argumentative, inaccurate, and incomplete. The EADA reports speak for themselves. Prior to the filing of this lawsuit, the University allocated six scholarships to the women's beach volleyball team for use in recruitment in the upcoming years. This is the maximum permitted by NCAA regulations. Additionally, all eligible varsity student athletes—including eligible beach volleyball players and the eligible named Plaintiffs on the beach volleyball team—receive nearly $6,000 in *Alston* payments from the University annually. The University denies all remaining allegations in paragraph 15.

16.    The University admits that it has provided athletic financial aid over the past five years to varsity student athletes. The University further admits that, with the addition of six scholarships to the beach volleyball team, it is currently providing the maximum number of scholarships allowed by NCAA rules to each of its Division I varsity teams. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. What Plaintiffs are missing is that the financial aid package available to any particular varsity student athlete is heavily influenced by legitimate factors unrelated to sex. For example, if the student athlete has enrolled in summer term or is paying out-of-state versus in-state tuition. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 16.

8-    DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

       **Perkins Coie LLP**
       1120 N.W. Couch Street, Tenth Floor
       Portland, Oregon 97209-4128
       Phone:  +1.503.727.2000
       Fax:  +1.503.727.2222

165198065.3

17.     The University denies the allegations in paragraph 17. The University disagrees with how Plaintiffs have calculated proportionality, and in any event Title IX does not require strict proportionality between athletic participation opportunities for each sex. Rather, at a minimum compliance can be achieved by a history and continuing practice of expanding participation opportunities for the underrepresented sex and/or by effectively accommodating the athletics interests and abilities of the underrepresented sex.

18.     The University admits that Title IX was enacted more than 50 years ago. The University denies any remaining allegations in paragraph 18.

19.     The University denies that it has violated Title IX. The University denies any remaining allegations in paragraph 19.

## JURISDICTION AND VENUE

20.     The University admits that Plaintiffs purport to assert claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq, and the regulations and policies pursuant to that law. The University denies as untrue that it has violated Title IX or its implementing regulations, guidance, or policies.

21.     The University admits that this Court has jurisdiction over actions arising under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

22.     The University admits that this Court has jurisdiction to create a remedy under 28 U.S.C. §§ 2201 and 2202.

23.     The University admits that venue is proper in the United States District Court for the District of Oregon, Eugene Division.

## THE PARTIES

24.     The allegations in paragraph 24 are a statement of Plaintiffs' claims and/or legal conclusions that do not require an answer. However, to the extent an answer is required, the University accepts the Plaintiffs' definition of the two groups of plaintiffs in paragraph 24. Many

9-     DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

Plaintiffs are no longer students at the University and/or allege claims that fall outside of the statute of limitations.

### *Beach Volleyball Plaintiffs*

25.     The allegations in paragraph 25 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. The University denies any remaining allegations in paragraph 25.

26.     The allegations in paragraph 26 are false, and on that basis, the University denies paragraph 26. All varsity student-athletes have access to the same resources and treatment including access to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, *Alston* payments if eligible, nutrition stations in every athletic facility, and access to the Jaqua Academic Center. Different sports have different competition facilities and equipment, due to the nature of the sport.

27.     The University is without knowledge or information sufficient to form a belief about the allegations in paragraph 27 and accordingly denies all allegations in paragraph 27.

28.     The allegations in paragraph 28 are conclusory and false, and on that basis, the University denies paragraph 28. Each current beach volleyball Plaintiff has access to world-class athlete resources, including but not limited to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, *Alston* payments, nutrition stations in every athletic facility, access to the Jaqua Academic Center, and access to experienced athletic trainers and medical professionals, just like every other student athlete at the University, female or male.

29.     The allegations in paragraph 29 are conclusory and false, and on that basis, the University denies paragraph 29. Each former beach volleyball Plaintiff had access to world-class athlete resources, including but not limited to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, *Alston* payments, nutrition stations in every athletic facility, access to the Jaqua Academic Center, and access to experienced athletic trainers and medical professionals, just like every other student athlete at the University, female or male.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

30.     The allegations in paragraph 30 are conclusory and false, and on that basis, the University denies paragraph 30. Each current and former beach volleyball Plaintiff has had access to world-class athlete resources, including but not limited to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, *Alston* payments, nutrition statements in every athletic facility, access to the Jaqua Academic Center, and access to experienced athletic trainers and medical professionals, just like every other student athlete at the University, female or male.

31.     The allegations in paragraph 31 are conclusory and false, and on that basis, the University denies paragraph 31. Each current and former beach volleyball Plaintiff has had access to world-class athlete resources, including but not limited to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, Alston payments, nutrition statements in every athletic facility, access to the Jaqua Academic Center, and access to experienced athletic trainers and medical professionals, just like every other student athlete at the University, female or male.

32.     The University is without knowledge or information sufficient to form a belief about the allegations in paragraph 32 and accordingly denies all allegations in paragraph 32. Whether each Plaintiff could transfer to another university and any impacts, financial or otherwise, is a highly individualized determination and speculative.

33.     The University admits that all eligible varsity student athletes receive *Alston* payments totaling nearly $6,000 annually and that each of the eligible beach volleyball Plaintiffs have received one or more annual *Alston* payment from the University. The University also admits that it has awarded athletic financial aid to varsity student athletes, including full and partial scholarships, cost-of-living stipends, fifth-year aid, NCAA Special Assistance Funds and summer aid. The amount of aid allowable and available is highly individualized and depends on NCAA regulations and what is needed to competitively recruit the player. The University admits that it is currently providing the maximum number of scholarships allowed by NCAA rules to

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

each of its Division I varsity sports teams, except for beach volleyball where it is currently phasing in the NCAA-maximum number of scholarships. Pursuant to the University's policies, summer aid is not guaranteed for any varsity student athlete.

34.    Oregon admits paragraph 34.

35.    The University admits it was an original member of the Association for Intercollegiate Athletics for Women and denies all other allegations in paragraph 35.

36.    The University admits that it combined its women's and men's athletics department in 1977, and that it maintains separate women's and men's teams consistent with NCAA rules and Title IX. The University denies any remaining allegations in paragraph 36.

37.    The University admits that in 1981, the NCAA approved a plan to include women's athletics programs and services within the NCAA structure, and since that time the University has sponsored both women's and men's NCAA Division I intercollegiate athletic teams. The University admits the allegations in paragraph 37.

38.    The University admits paragraph 38.

39.    The University admits paragraph 39. The NCAA rules dictate the total number of scholarships that can be awarded, but each individual athletic team through its coach decides who receives scholarship and, in equivalency sports, how to allocate those scholarships. If the University provided scholarship in excess of the NCAA rules to any varsity student athlete, it would make a team ineligible to participate in the NCAA.

40.    The University admits paragraph 40.

41.    The University admits that Paragraph 41 accurately states the undergraduate cost of attendance posted for the 2023-2024 and 2022-2023 school year. The University admits that the cost of attendance for academic years prior to 2022-2023 is not available on the University website.

42.    The University admits paragraph 42.

12-   DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

43.     The allegations in paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations. The University denies that it has violated Title IX.

44.     The allegations in paragraph 44 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations. The University denies that it has violated Title IX.

45.     The University denies the allegations in paragraph 45.

46.     The University admits paragraph 46.

47.     The University admits paragraph 47.

48.     The University admits paragraph 48.

49.     The University admits paragraph 49.

50.     The University denies the allegations in paragraph 50. Prior to the filing of this lawsuit, the University allocated six scholarships to the women's beach volleyball team, to be used for recruitment in the upcoming years. This is the maximum permitted by NCAA regulations. Additionally, all eligible varsity student athletes—including beach volleyball players and the named Plaintiffs on the beach volleyball team—receive nearly $6,000 in *Alston* payment from the University annually.

51.     The University denies the allegations in paragraph 51. The NCAA Division I Manual sets forth eligibility criteria for financial aid and provides that student athletes may receive institutional financial aid based on athletics ability as determined by the institution.

52.     The University denies the allegations in paragraph 52.

53.     The University denies the allegations in paragraph 53. Beach volleyball began as an emerging NCAA sport, and the University has continuously invested resources into its expansion, including by offering scholarships that will be used to recruit the most talented players. The University does not have "pools" of financial aid. The University is restricted by the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

number of scholarships the NCAA will allow as well as the full cost of attendance for in-state and out-of-state tuition in awarding scholarships.

54.    The University denies the allegations in paragraph 54. The amount of athletic financial aid allowable and awarded to any given student is highly individualized and depends on NCAA regulations and what is needed to competitively recruit the player. It is also influenced by other legitimate factors unrelated to sex such as whether the student is paying in-state or out-of-state tuition.

55.    The allegations in paragraph 55 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations in paragraph 55.

56.    The University denies the allegations in paragraph 56.

57.    The allegations in paragraph 57 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations in paragraph 57.

58.    The allegations in paragraph 58 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations in paragraph 58.

59.    The allegations in paragraph 59 state a legal conclusion to which no response is required. To the extent a response is required, the University denies the allegations in paragraph 59.

60.    The University denies the allegations in paragraph 60.

61.    The University denies the allegations in paragraph 61.

62.    The allegations in paragraph 62 are false, and repetitive, and on that basis, the University denies the allegations in paragraph 62, consistent with its responses to the same allegations stated above.

14-  DEFENDANT'S ANSWER, DEFENSES, AND
     AFFIRMATIVE DEFENSES TO PLAINTIFFS'
     CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

63.    The allegations in paragraph 63 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 63.

64.    The allegations in paragraph 64 and footnote 1 state legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA Reporting Requirements or caselaw, those reports and that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 64 and footnote 1.

65.    The University denies the allegations in paragraph 65. As previously discussed, the amount of athletic financial aid allowable and awarded to any given student is highly individualized and depends on NCAA regulations and what is needed to competitively recruit the player. It is also influenced by other legitimate factors unrelated to sex such as whether the student is paying in-state or out-of-state tuition. In addition, NCAA rules prohibit student athletes from receiving financial aid that exceeds the value of the cost of attendance and cap the number of scholarships or equivalencies that may be awarded per sport.

66.    The allegations in paragraph 66 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent a response is required, the University denies the allegations in paragraph 66.

67.    The allegations in paragraph 67 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent a response is required, the University denies the allegations in paragraph 67. The University further observes that what Plaintiffs are proposing would violate NCAA rules by requiring financial aid payments to varsity student athletes independent of their athletic ability, and also by exceeding the value of the cost of attendance and/or the number of scholarships allowable per sport.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

68.     The University denies the allegations in paragraph 68. The amount of athletically related aid allowable and available is highly individualized and depends on NCAA regulations and what is needed to competitively recruit the individual player.

69.     The University denies paragraph 69. Beach volleyball began as an emerging sport, and the University has continuously invested resources into its expansion. Many student athletes who played beach volleyball were on full scholarships awarded through the indoor volleyball team. In addition, the amount of athletically related aid allowable and available is highly individualized and depends on NCAA regulations and what is needed to competitively recruit the player. It is also influenced by other legitimate factors unrelated to sex such as whether the student is paying in-state or out-of-state tuition.

<u>Plaintiff Ashley Schroeder</u>

70.     The University admits paragraph 70.

71.     The University admits Paragraph 71.

72.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 72 and on that basis denies the allegations in paragraph 72.

73.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 73 and on that basis denies the allegations in paragraph 73.

74.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 74 and on that basis denies the allegations in paragraph 74.

75.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 75 and on that basis denies the allegations in paragraph 75.

76.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 76 and on that basis denies the allegations in paragraph 76.

77.     The University denies that Janice Harrer, or anyone at the University, promised Ms. Schroeder that it would be completing the women's beach volleyball courts or providing her a scholarship during her time at the University. The University lacks knowledge or information

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

sufficient to form a belief about the remaining allegations in paragraph 77 and on that basis

denies the allegations in paragraph 77.

78.    The University denies the allegations in paragraph 78.

79.    The University admits that it has a public reputation for excellence in sports. The

University lacks knowledge or information sufficient to form a belief about the remaining

allegations in paragraph 79 and on that basis denies paragraph 79.

80.    The University admits Ms. Schroeder was on the Pac-12 Academic Honor roll in

the spring of 2021, 2022, and 2023. The University admits Ms. Schroeder was voted team

captain in 2023-2024. The beach volleyball team has not had team captains prior to the 2023-

2024 season. The University admits that Ms. Schroeder has scored the second highest number of

career wins for the women's beach volleyball team with a record of 37 wins and 39 losses.

81.    The University denies that it promised Ms. Schroeder that it would build a beach

facility on campus during her tenure or that she personally would be receiving athletic financial

aid based on her ability. This paragraph lacks specificity as to what other treatment or experience

Ms. Schroeder was promised, and on that basis the University denies the remaining allegations in

paragraph 81.

82.    The University admits that Ms. Schroeder has enrolled in twelve credit hours

during the Winter 2021, Winter 2022, Winter 2023, Spring 2023 and Fall 2023 quarters. The

University admits that twelve units is still considered full time enrollment. The University admits

that Ms. Schroeder does not have any athletic financial aid. The University denies that the cost of

tuition at the University is high. The University lacks knowledge or information sufficient to

form a belief about the reasons why Ms. Schroeder has taken twelve units during the five

quarters identified above. The University denies the remaining allegations in paragraph 82.

Plaintiff Kendall Clark

83.    The University admits paragraph 83.

84.    The University admits paragraph 84.

17-  DEFENDANT'S ANSWER, DEFENSES, AND
     AFFIRMATIVE DEFENSES TO PLAINTIFFS'
     CLASS ACTION COMPLAINT

                                                      **Perkins Coie LLP**
                                                  1120 N.W. Couch Street, Tenth Floor
                                                     Portland, Oregon 97209-4128
                                                       Phone:  +1.503.727.2000
                                                       Fax:  +1.503.727.2222

165198065.3

85.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 85 and on that basis denies the allegations in paragraph 85.

86.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 86 and on that basis denies the allegations in paragraph 86.

87.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 87 and on that basis denies the allegations in paragraph 87.

<u>Plaintiff Halli Fields</u>

88.     The University admits paragraph 88.

89.     The University admits paragraph 89.

90.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 90 and on that basis denies the allegations in paragraph 90.

91.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 91 and on that basis denies the allegations in paragraph 91.

92.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 92 and on that basis denies the allegations in paragraph 92.

93.     The University admits that it has been working towards providing scholarships and on campus facilities for the beach volleyball team. The University denies that those scholarships or facilities never materialized because, as stated previously, the University has committed to both scholarships and an on-campus facility that is currently in the design phase. The University denies the remaining allegations in paragraph 93.

<u>Plaintiff Natasha George</u>

94.     The University admits paragraph 94.

95.     The University admits paragraph 95.

96.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96 and on that basis denies the allegations in paragraph 96.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

97.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97 and on that basis denies the allegations in paragraph 97.

98.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98 and on that basis denies the allegations in paragraph 98.

99.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 99 and on that basis denies the allegations in paragraph 99.

100.    To the extent Ms. George is alleging that she was promised financial aid, the University denies the allegations in paragraph 100. To the extent that Ms. George is alleging that the beach volleyball team generally would receive scholarship, the University admits that in the upcoming years, it will be providing athletic financial aid to women it recruits to the beach volleyball.

101.    The University denies that Ms. George had the second longest winning streak of the season. Ms. George and her partner Ms. Schroeder had the third longest winning streak of the season at three consecutive wins. The University admits that Ms. George and her partner Ms. Schroeder won against the University of Washington at No. 4 pairs and against Arizona State at No. 3 pairs. At the time of these matches, the University of Washington was ranked fourteenth and Arizona State was unranked. The University denies any remaining allegations in paragraph 101.

102.    The University denies that it provided any assurances that Ms. George personally would receive athletic financial aid. The University will be providing athletic financial aid to recruit in the upcoming years, women to the beach volleyball team. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 102 and on that basis denies the remaining allegations in paragraph 102.

<u>Plaintiff Josie Griffiths</u>

103.    The University admits paragraph 103.

104.    The University admits Paragraph 104.

19-  DEFENDANT'S ANSWER, DEFENSES, AND
     AFFIRMATIVE DEFENSES TO PLAINTIFFS'
     CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

105.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 105 and on that basis denies the allegations in paragraph 105.

106.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 106 and on that basis denies the allegations in paragraph 106.

107.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 107 and on that basis denies the allegations in paragraph 107.

108.    The University admits that Ms. Griffiths has not received any athletic financial aid from the University. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 108 and on that basis denies the allegations in paragraph 108.

<u>Plaintiff Dahlia McAllister</u>

109.    The University admits Paragraph 109.

110.    The University admits Paragraph 110.

111.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111 and on that basis denies the allegations in paragraph 111.

112.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112 and on that basis denies the allegations in paragraph 112.

113.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113 and on that basis denies the allegations in paragraph 113.

114.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 114 and on that basis denies the allegations in paragraph 114.

115.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115 and on that basis denies the allegations in paragraph 115.

116.    The University denied that it made any assurances or promises to Ms. McAllister about the beach volleyball team playing on campus. The University denies that Amazon Park is a

20- DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

more than ten-minute drive from the University. The University denies the remaining allegations in paragraph 116.

117.    The University denies the allegations in paragraph 117. The University never promised Ms. McAllister or any other Plaintiff that they would receive a scholarship during their time at the University. The University admits that it has committed to providing six full scholarships to be awarded to beach volleyball players, and that these will be awarded based on athletic ability and used as recruiting tools to improve the competitiveness of the program. The University denies the remaining allegations in paragraph 117.

118.    The University denies the allegations in paragraph 118. The University has been working on developing the beach volleyball facilities for years and will be awarding scholarships at the coaches' discretion starting in the most recent recruiting cycle.

119.    The University admits that there are tournaments on the weekend during the beach volleyball season. The University lacks knowledge or information sufficient to know whether Ms. McAllister reported to all training weeks, practice days, and tournaments during her time on the beach volleyball team. The allegations in paragraph 119 lack specificity as to what promises and responsibilities are being referred to, and on that basis the University denies the remaining allegations in paragraph 119. To the extent Plaintiffs are referring to the beach volleyball facility or scholarships, the University incorporates by reference its earlier answer that it has already committed to both an on-campus facility and the maximum number of scholarships allowed by NCAA rules.

<u>Plaintiff Presley McCaskill</u>

120.    The University admits paragraph 120.

121.    The University admits Paragraph 121.

122.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 122 and on that basis denies the allegations in paragraph 122.

21-  **DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

123.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 123 and on that basis denies the allegations in paragraph 123.

124.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 124 and on that basis denies the allegation in paragraph 124.

125.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 125 and on that basis denies the allegations in paragraph 125.

126.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126 and on that basis denies the allegations in paragraph 126.

127.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 127 and on that basis denies the allegations in paragraph 127.

<u>Plaintiff Abigail Plevin</u>

128.    The University admits Ms. Plevin is an out-of-state student who graduated from the University on December 9, 2023, with a degree in public relations. The University otherwise denies the remaining allegations in paragraph 128.

129.    The University admits Paragraph 129 except it denies that Ms. Plevin played in the Spring 2024 season because she graduated from the University on December 9, 2023.

130.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 130 and on that basis denies the allegations in paragraph 130.

131.    The University denies the allegations in paragraph 131.

132.    The University denies the allegations in paragraph 132.

133.    The University denies the allegations in paragraph 133. All varsity student athletes have access to one free meal a day at the Hatfield-Dowlin complex and have unlimited access to nutrition stations stocked in all campus athletic facilities with protein bars, fresh fruit, and sports drinks among other offerings.

134.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 134 and on that basis denies the allegations in paragraph 134.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Plaintiff Valerie Peterson

135.    The University admits paragraph 135.

136.    The University admits paragraph 136.

137.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 137 and on that basis denies the allegation in paragraph 137.

138.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 138 and on that basis denies the allegation in paragraph 138.

139.    The University admits that Ms. Peterson was on the Pac-12 honor roll in Spring 2023. The University admits that it has a strong athletics department. The University otherwise lacks knowledge or information sufficient to form a belief about the allegations in paragraph 139 and on that basis denies the allegations in paragraph 139.

140.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 140 and on that basis denies the allegations in paragraph 140.

Plaintiff Ella Tyus

141.    The University admits that Ms. Tyus is an out-of-state student who was enrolled at the University in 2023 majoring in business administration. She is not currently enrolled at the University in 2024. The University denies any remaining allegations in paragraph 141.

142.    The University admits paragraph 142.

143.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 143 and on that basis denies the allegations in paragraph 143.

144.    The University admits that it has a beautiful campus. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 144 and on that basis denies the allegations in paragraph 144.

145.    The University admits paragraph 145.

146.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 146 and on that basis denies the allegations in paragraph 146.

23-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

<u>Plaintiff Siulolovao Folau</u>

147.    The University admits paragraph 147 except that Ms. Folau is majoring in general social science and not applied business and economics.

148.    The University admits Paragraph 148.

149.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 149 and on that basis denies the allegations in paragraph 149.

150.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 150 and on that basis denies the allegations in paragraph 150.

151.    The University admits it has one of the top undergraduate business programs on the West Coast. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 151 and on that basis denies the allegations in paragraph 151.

152.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 152 and on that basis denies the allegations in paragraph 152.

<u>Plaintiff Alexandra Laita</u>

153.    The University admits paragraph 153.

154.    The University admits paragraph 154.

155.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 155 and on that basis denies the allegations in paragraph 155.

156.    The University admits that it is surrounded by nature and ample outdoor recreation opportunities. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 156 and on that basis denies the allegations in paragraph 156.

157.    The University denies the allegations in Paragraph 157.

158.    The University lacks knowledge or information sufficient to form a belief about Ms. Laita's feelings, and on that basis denies the allegations in paragraph 158.

24-  DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

159.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 159 and on that basis denies the allegations in paragraph 159.

Plaintiff Batia Rotshtein

160.    The University admits that Ms. Rotshtein was an out-of-state student, and that she graduated from the University on December 9, 2023, with a degree in Business Administration. The University denies that Ms. Rotshtein is still enrolled at the University. The University denies any remaining allegations in paragraph 160.

161.    The University admits the allegations in paragraph 161 and clarifies that Ms. Rotshtein graduated on December 9, 2023.

162.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 162 and on that basis denies the allegations in paragraph 162.

163.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 163 and on that basis denies paragraph 163.

164.    The University admits that it has been focused on growing its beach volleyball program, including by increasing scholarships, hiring additional coaches, increasing the operating budget, traveling to more competitions, and committing funds and space to build a dedicated beach volleyball facility. The allegations in paragraph 164 lack specificity as to what other promises were allegedly made to Ms. Rotshtein during recruitment, and on that basis the University denies the remaining allegations in paragraph 164.

165.    The University admits that it has been investing in its beach volleyball program including by increasing scholarships, hiring additional coaches, increasing the operating budget, traveling to more competitions, and committing funds and space to build a dedicated beach volleyball facility. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 165 and on that basis denies all remaining allegations.

166.    The University admits paragraph 166.

25-   DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

167.     The University admits Ms. Rotshtein was on the Spring 2021, 2022, and 2023 Pac-12 honor roll and on the Dean's List in the Fall of 2020 and 2021.

168.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 168 and on that basis denies the allegations in paragraph 168. The University provides all eligible student athletes, including the eligible beach volleyball team members, with nearly $6,000 in *Alston* payments annually.

169.     The University denies that it discriminated against Ms. Rotshtein or the beach volleyball team. The University admits that Ms. Rotshtein graduated on December 9, 2023. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 169 and on that basis denies the remaining allegations in paragraph 169.

Plaintiff Zoe Almanza

170.     The University denies that Ms. Almanza is enrolled at the University. Ms. Almanza is no longer enrolled at the University and has not graduated from the University— she was last enrolled in 2023. The University admits that when she was enrolled, she was an out-of-state student and a cinema studies major.

171.     The University admits paragraph 171.

172.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 172 and on that basis denies the allegations in paragraph 172.

173.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 173 and on that basis denies the allegations in paragraph 173.

174.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 174 and on that basis denies the allegations in paragraph 174.

175.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 175 and on that basis denies the allegations in paragraph 175.

176.     The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 176 and on that basis denies the allegations in paragraph 176.

26-   DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

177.    The University denies the allegations in paragraph 177. The University denies that Ms. Almanza was told beach volleyball facilities would be on campus by a certain date or that Ms. Almanza specifically would receive athletic financial aid.

178.    The University denies the allegations in paragraph 178. The University never guaranteed any current beach volleyball student athlete that it would be providing them a scholarship or that facilities would be completed during their time at the University. The University admits that has been growing, and is continuing to grow, its beach volleyball program, including by increasing scholarships and committing funds and space to build a dedicated beach volleyball facility.

179.    The University denies the allegations in paragraph 179. The beach volleyball team does have a locker room at Matthew Knight Arena. During the COVID-19 pandemic the season for indoor and beach volleyball overlapped and, separately, a beach volleyball coach was caring for a sick family member who later passed away. This led to a few instances in which the women's beach volleyball team did not have a member of the coaching staff able to attend practice.

180.    The University denies the allegations in paragraph 180.

181.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 181 and on that basis denies the allegations in paragraph 181.

182.    The University denies that it discriminated against the beach volleyball team. The University admits that Ms. Almanza has not been enrolled at the University since 2023. The University lacks knowledge or information sufficient to form a belief about Ms. Almanza's feelings and on that basis denies the remaining allegations in paragraph 182.

183.    The University denies that Ms. Almanza is currently enrolled at the University— she last enrolled in 2023. The University denies that it discriminated against the beach volleyball team. The University lacks knowledge or information sufficient to form a belief about Ms. Almanza's feelings, and on that basis denies the remaining allegations in paragraph 183.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

<u>Plaintiff Beatrice Wetton</u>

184.    The University admits paragraph 184. Ms. Wetton graduated on June 20, 2023.

185.    The University admits paragraph 185.

186.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 186 and on that basis denies the allegations in paragraph 186.

187.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 187 and on that basis denies the allegations in paragraph 187.

188.    The allegations in paragraph 188 lack specificity as to what promises were allegedly made to Ms. Wetton and on that basis the University denies the allegations in paragraph 188. The University never promised Ms. Wetton a scholarship or that facilities would be completed during her time at the University. To the extent the allegations pertain to broader commitments about scholarships and support, the University admits that it has been growing, and is continuing to grow, its beach volleyball program, including by increasing scholarships and committing funds and space to build a dedicated beach volleyball facility on campus. The University otherwise lacks knowledge or information sufficient to form a belief about Ms. Wetton's reasons for coming to the University, and on that basis denies the remaining allegations in paragraph 188.

189.    The University admits that Ms. Wetton was on the Pac-12 honor roll in Spring 2021 and 2022. The University denies that she was a team captain—the beach volleyball team did not have captains until the 2023-2024 season. The University admits that Ms. Wetton won the Chi Alpha Sigma Award.

190.    The University admits paragraph 190.

191.    The allegations in paragraph 191 lack specificity as to what alleged promises were made to Ms. Wetton and on that basis the University denies the allegations in paragraph 191. The University never promised Ms. Wetton a scholarship or that facilities would be completed during her time at the University. To the extent the allegations pertain to broader commitments about

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

scholarships and support, the University admits that it does provide beach volleyball student athletes —and provided to Ms. Wetton—amenities including equipment, meals, snacks, travel, team building, and *Alston* payments that are the same as male sports, taking into account the size of the team and needs of the particular sport. The University lacks knowledge or information sufficient to form a belief about Ms. Wetton's feelings and financial situation, and on that basis denies the remaining allegations in paragraph 191.

<u>Plaintiff Mia Lopez</u>

192.    The University admits Ms. Lopez was an out-of-state student who graduated from the University on June 20, 2023, with a business degree.

193.    The University admits paragraph 193.

194.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 194 and on that basis denies the allegations in paragraph 194.

195.    The University denies that it ever promised Ms. Lopez a scholarship or that facilities would be completed during her time at the University. To the extent the allegations in paragraph 195 pertain to broader commitments about scholarships and support, the University admits that it is continuing to grow its beach volleyball program and has committed to building a facility, improving the locker room, and providing the maximum number of scholarships to improve the competitiveness of the program. The University lacks knowledge or information sufficient to form a belief about why Ms. Lopez chose to attend the University, and on that basis denies the remaining allegations in paragraph 195.

196.    The University denies the allegations in paragraph 196.

<u>Plaintiff Delaney Hopen</u>

197.    The University admits paragraph 197. Ms. Hopen graduated on June 20, 2023.

198.    The University admits paragraph 198.

199.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 199 and on that basis denies the allegations in paragraph 199.

29-    DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

165198065.3

200.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 200 and on that basis denies the allegations in paragraph 200.

201.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 201 and on that basis denies the allegations in paragraph 201.

202.    The University admits it has a landscape architecture program. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 202 and on that basis denies the allegations in paragraph 202.

203.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 203 and on that basis denies the allegations in paragraph 203.

204.    The University provides the women's beach volleyball team with the necessary gear and equipment each season. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 204 and on that basis denies the remaining allegations in paragraph 204.

205.    The University admits that Lisa Peterson met with the women's beach volleyball team. The University denies the remaining allegations in paragraph 205.

<u>Plaintiff Carly Wallace</u>

206.    The University admits that Ms. Wallace was an out-of-state student who graduated with a degree in public relations on June 13, 2022.

207.    The University admits Paragraph 207.

208.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 208 and on that basis denies the allegations in paragraph 208.

209.    The University admits it has a strong varsity athletics program. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 209 and on that basis denies the allegations in paragraph 209.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

210.    The University denies that Ms. Wallace was co-captain—the women's beach volleyball team did not have captains until the 2023-2024 season. The University admits that the beach volleyball team made it past the first round of the Pac-12 playoffs in the 2018-19 season.

211.    The University denies that it ever promised Ms. Wallace a scholarship. The University admits that has been continuously improving its beach volleyball program, including by increasing the operational budget, purchasing additional equipment, hiring additional coaches and team managers, traveling to more competitions, increasing scholarships, and committing funds and space to build a dedicated beach volleyball facility on campus. To the extent the allegations are alluding to other promises, the paragraph lacks specificity and on that basis the University denies the remaining allegations in paragraph 211.

212.    The University denies the allegations in paragraph 212. The University never promised Ms. Wallace athletic financial aid, and Ms. Wallace did receive other benefits including free meals and access to nutrition stations. The Complaint does not specify what other support was allegedly promised to Ms. Wallace, and the University lacks knowledge or information sufficient to form a belief about Ms. Wallace's family's financial situation, and on that basis denies the remaining allegations in paragraph 212.

<u>Plaintiff Savannah Siegrist</u>

213.    The University admits that Ms. Siegrist was an out-of-state student who graduated with a master's degree in general business on December 10, 2022, and graduated with a bachelor's degree in business administration on June 14, 2021.

214.    The University admits the allegations in paragraph 214. Ms. Siegrist graduated on December 10, 2022.

215.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 215 and on that basis denies the allegations in paragraph 215.

216.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 216 and on that basis denies the allegations in paragraph 216.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

217.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 217 and on that basis denies the allegations in paragraph 217.

218.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 218 and on that basis denies the allegations in paragraph 218.

219.    The University admits that Ms. Siegrist did not receive athletic financial aid, but would have received other benefits such as free meals and access to nutrition stations. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 219 and on that basis denies the remaining allegations in paragraph 219.

220.    The University denies that it treated the women's beach volleyball team poorly. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 220 and on that basis denies the remaining allegations in paragraph 220.

<u>Plaintiff Anastasia Lima</u>

221.    The University admits that Ms. Lima graduated on December 9, 2023, with a degree in psychology and was an out-of-state student. The University denies the remaining allegations in paragraph 221.

222.    The University admits paragraph 222.

223.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 223 and on that basis denies the allegations in paragraph 223.

224.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 224 and on that basis denies the allegations in paragraph 224.

225.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 225 and on that basis denies the allegations in paragraph 225.

226.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 226 and on that basis denies the allegations in paragraph 226.

227.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 227 and on that basis denies the allegations.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

228.    The University admits that it has been growing, and is continuing to grow, its beach volleyball program, including by increasing scholarships and committing funds and space to build a dedicated beach volleyball facility. To the extent inferred in this paragraph, the University denies that it ever promised Ms. Lima a scholarship or that facilities would be completed within a certain period of time. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 228, and on that basis denies the remaining allegations.

229.    The University denies that it ever promised Ms. Lima a scholarship or that new facilities would be completed during her time at the University. The University admits that has been growing, and is continuing to grow, its beach volleyball program, including by increasing scholarships and committing funds and space to build a dedicated beach volleyball facility. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 229 and on that basis denies the remaining allegations.

230.    The University lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 230 and on that basis denies the allegations. The University denies that the women's beach volleyball team had its highest winning record in the University's history in the 2019-2020 season—the 2020 season only saw three wins. At that time, the 2018-2019 season had the record for most wins with five wins. The University denies that Ms. Lima was on the beach volleyball team when it made it past the first round of the Pac-12 championship because Ms. Lima was not on the beach volleyball roster in the spring of 2019. The University denies any remaining allegations in paragraph 230.

231.    The University denies the allegations in paragraph 231.

232.    The University denies the allegations in paragraph 232. The University never promised Ms. Lima a scholarship or that new facilities would be completed during her time at the University. The University admits that has been growing, and is continuing to grow, its beach volleyball program, including by hiring additional coaches and team managers, purchasing new

33-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

equipment, increasing scholarships, and committing funds and space on campus to build a dedicated beach volleyball facility. The University admits that the athletics department supports the beach volleyball team like it supports all varsity sports at the University. The University denies the remaining allegations in paragraph 232.

233.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 233 and on that basis denies the allegations in paragraph 233.

Plaintiff Madelyn LaFollette

234.    The University admits paragraph 234. Ms. LaFollette graduated on December 10, 2022, with her master's degree and graduated on June 14, 2021, with her bachelor's degree.

235.    The University admits paragraph 235. Ms. LaFollette graduated with her master's degree on December 10, 2022.

236.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 236 and on that basis denies the allegations in paragraph 236.

237.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 237 and on that basis denies the allegations in paragraph 237.

238.    The University admits that it has a strong varsity athletics program and strong academics. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 238 and on that basis denies the remaining allegations in paragraph 238.

239.    The University admits paragraph 239.

240.    The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 240 and on that basis denies the remaining allegations in paragraph 240.

Plaintiff Alexandra Haden

241.    The University admits that Ms. Haden was an out-of-state student who graduated on June 13, 2022, with a degree in general social science.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

242.    The University admits paragraph 242.

243.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 243 and on that basis denies the allegations in paragraph 243.

244.    The University denies that it ever promised Ms. Haden a scholarship or that new facilities would be completed by her junior year. The University admits that has been growing, and is continuing to grow, its beach volleyball program, including by increasing scholarships and committing funds and space to build a dedicated beach volleyball facility on campus. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 244 and on that basis denies the remaining allegations in paragraph 244.

245.    The University denies the allegations in paragraph 245. Ms. Haden did not break a school record for the number of wins in a single season. During the 2020 season, Ms. Haden and Ms. Siegrist had a 5-3 record. The school record entering the 2020 season was 11-5. The University denies that the women's beach volleyball team was nationally ranked in 2022. The University admits that at the Pac-12 Championship in 2022 the University of Washington was the No. 7 seed, the University of Oregon was the No. 8 seed, and the University of Utah was the No. 9 seed. The University denies any remaining allegations in paragraph 245.

246.    The University admits Ms. Haden did not receive athletic financial aid but would have received the *Alston* payments if eligible and other benefits such as free meals and snacks available to student-athletes. The University denies the allegation that it promised Ms. Haden athletic financial aid. The University otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 246 and on that basis denies the remaining allegations in paragraph 246.

<u>Plaintiff Josie Cole</u>

247.    The University admits that Ms. Cole was an out-of-state student who graduated on September 11, 2021, with a degree in general social science.

248.    The University admits paragraph 248.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

249.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 249 and on that basis denies the allegations in paragraph 249.

250.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 250 and on that basis denies the allegations in paragraph 250.

251.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 251 and on that basis denies the allegations in paragraph 251.

252.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 252 and on that basis denies the allegations in paragraph 252.

253.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 253 and on that basis denies the allegations in paragraph 253.

254.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 254 and on that basis denies the allegations in paragraph 254.

255.    The University denies that it ever gave the impression beach volleyball courts would be on campus within a year. The University admits that the women's beach volleyball team plays at Amazon Park in Eugene, Oregon. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 255 and on that basis denies the remaining allegations in paragraph 255.

256.    The University denies that it ever promised athletic financial aid to Ms. Cole. The University denies that it provides nonresident tuition waivers. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 256 and on that basis denies the remaining allegations in paragraph 256.

257.    The University denies that Ms. Cole was the captain of the Oregon beach volleyball team—the beach volleyball team began having captains in the 2023-2024 season.

258.    The University denies the allegations in paragraph 258. The University's beach volleyball team has at least three team managers and a head coach and assistant coach that handle the administrative work for the team.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

259.    The University admits that Ms. Cole did not receive athletic financial aid but would have received other benefits such as free meals and snacks available to student-athletes. All varsity student athletes have access to one free meal a day at the Hatfield-Dowlin complex and have unlimited access to nutrition stations stocked in all campus athletic facilities with protein bars, fresh fruit, and sports drinks among other offerings. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 259 and on that basis denies the remaining allegations in paragraph 259.

260.    The University denies that it promised Ms. Cole athletic financial aid, or that it in any way discriminated against the members of the beach volleyball team. The University denies the remaining allegations in paragraph 260.

261.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 261 and on that basis denies the allegations in paragraph 261.

<u>Plaintiff Alaina Thomas</u>

262.    The University admits paragraph 262. Ms. Thomas has not been enrolled at the University since 2021.

263.    The University admits paragraph 263.

264.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 264 and on that basis denies the allegations in paragraph 264.

265.    The University denies the allegations in paragraph 265. The University never promised Ms. Thomas athletic financial aid or a tuition waiver. The University does not provide non-resident tuition waivers.

266.    The University admits that Ms. Thomas received the Chi Alpha Sigma Award and had her name engraved onto a bench in the Jaqua Center. The University otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 266 and on that basis denies the remaining allegations in paragraph 266.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

267.    The University admits that Ms. Thomas did not receive athletic financial aid, but she would have received other benefits such as free meals and snacks available to student-athletes. The University does not provide non-resident tuition waivers. The University denies the remaining allegations in paragraph 267.

268.    The University admits that Lisa Peterson met with the beach volleyball team. The University denies the remaining allegations in paragraph 268.

269.    The University denies that it discriminated against female varsity student athletes. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 269 and on that basis denies the allegations in paragraph 269.

270.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 270 and on that basis denies the allegations in paragraph 270.

Plaintiff Vivian Donovan

271.    The University denies that Ms. Donovan graduated with a degree in general social science—Ms. Donovan was last enrolled at the University in 2022 but did not graduate. The University admits that Ms. Donovan was an out-of-state student when she was enrolled.

272.    The University admits paragraph 272.

273.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 273 and on that basis denies the allegations in paragraph 273.

274.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 274 and on that basis denies the allegations in paragraph 274.

275.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 275 and on that basis denies the allegations in paragraph 275.

276.    The University admits it has a strong athletics program. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 276 and on that basis denies the remaining allegations in paragraph 276.

38-    DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

277.    The University denies the first sentence of paragraph 277. The University denies that the beach volleyball courts at Amazon Park are in poor condition— the coaches and student managers maintain the beach volleyball courts for the student athletes. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 277 and on that basis denies the remaining allegations in paragraph 277.

278.    The University denies the first sentence of paragraph 278. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 278 and on that basis denies the allegations in paragraph 278.

<u>Plaintiff Jade Bernal</u>

279.    The University admits that Ms. Bernal was an out-of-state student at Oregon and that she played on the women's beach volleyball team in the 2021-2022 season. Ms. Bernal has not been enrolled at the University since 2022. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 279 and on that basis denies the allegations in paragraph 279.

280.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 280 and on that basis denies the allegations in paragraph 280.

281.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 281 and on that basis denies the allegations in paragraph 281.

282.    The University denies that it ever promised Ms. Bernal athletic financial aid. The University admits that it has been growing, and is continuing to grow, its beach volleyball program, including by hiring additional coaches and team managers, purchasing new equipment, increasing the operational budget, increasing scholarships, and committing funds and space to build a dedicated beach volleyball facility on campus. The University admits that its beach volleyball program does allow student athletes to compete "at the highest level." The University denies any remaining allegations in paragraph 282.

39- DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

283.    The University denies that it ever promised Ms. Bernal athletic financial aid. The University does not waive out of state tuition fees for varsity student athletes. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 283 and on that basis denies the allegations in paragraph 283.

284.    The University denies that it ever promised Ms. Bernal athletic financial aid. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 284 and on that basis denies the remaining allegations in paragraph 284.

### Rowing Plaintiffs

285.    The allegations in paragraph 285 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. The University denies the validity of Plaintiff' claims under Title IX.

286.    The allegations in paragraph 286 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. The University denies the validity of Plaintiff' claims under Title IX.

287.    The allegations in paragraph 287 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. The University denies there is interest and ability among existing undergraduate students to field a Division I women's rowing team.

288.    The University admits that it regularly assesses student's interest in varsity sports that it does not currently offer. The University's interest and ability surveys have consistently shown there is not sufficient interest and ability to field an NCAA Division I women's rowing team. The University denies the remaining allegations in paragraph 288.

289.    The University lacks knowledge or information sufficient to form a belief about the rowing Plaintiffs' desires, and on that basis denies the allegations in paragraph 283. Based on interest and ability surveys, there is not sufficient interest and ability among existing undergraduate students—including any currently enrolled rowing Plaintiffs—to field an NCAA Division I women's rowing team.

40-    DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

290.    The University denies the allegations in paragraph 290.

291.    The University denies the allegations in paragraph 291.

292.    The University denies the allegations in paragraph 292. The University's interest and ability surveys have consistently shown there is not sufficient interest and ability to field an NCAA Division I women's rowing team.

<u>Plaintiff Elise Haverland</u>

293.    The University admits paragraph 293.

294.    The University admits paragraph 294.

295.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 295 and on that basis denies the allegations in paragraph 295.

296.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 296 and on that basis denies the allegations in paragraph 296.

297.    The University admits it has a journalism program and that it is surrounded by ample outdoor opportunities. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 297 and on that basis denies the remaining allegations in paragraph 297.

298.    The University admits that its club crew team placed first out of four teams in the women's collegiate/open 4 category at the Head of the Lake competition in Seattle in 2021. The University further admits that its club crew team placed eighth in the women's single event and seventh in the women's novice 8 event at the American Collegiate Rowing Association National Championship Regatta ("ACRAs") in 2022. In addition, the club crew team placed seventh in the women's novice 4 category at ACRAs in 2023. ACRAs are held in Georgia or Tennessee, and both the men's and women's club rowing teams travel to the ACRAs. The University further admits that Ms. Haverland was on the club rowing team in the 2021-22, 2022-23, and 2023-24 seasons.

299.    The University admits paragraph 299.

41-   DEFENDANT'S ANSWER, DEFENSES, AND
      AFFIRMATIVE DEFENSES TO PLAINTIFFS'
      CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

300.    The University admits that club sports are student led and funded primarily through donations. This is true for both male and female participants on the University's club rowing team. The University otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 300 and on that basis denies the remaining allegations in paragraph 300.

301.    The University admits that it provides resources for its varsity student athletes. The University denies that there is sufficient interest and ability among undergraduate students to field an NCAA Division I rowing team. The University denies the remaining allegations in paragraph 301.

<u>Plaintiff River Ribeiro</u>

302.    The University admits paragraph 302.

303.    The University admits paragraph 303.

304.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 304 and on that basis denies the allegations in paragraph 304.

305.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 305 and on that basis denies the allegations in paragraph 305.

306.    The University admits that its women's novice 4 boat placed second at the Collegiate Covered Bridge Regatta, an event that is sponsored by the University club crew team and held at Dexter Lake, where the University club crew team practices. The Collegiate Covered Bridge Regatta usually has around 16 teams drawing from the Pacific Northwest. The University also competes at ACRAs, but there is no qualification requirement for ACRAs.

307.    The University admits that club sports are funded by donations and student dues. The University denies the remaining allegations in paragraph 307.

<u>Plaintiff Sophia Schmitz</u>

308.    The University admits paragraph 308.

309.    The University admits paragraph 309.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

310.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 310 and on that basis denies the allegations in paragraph 310.

311.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 311 and on that basis denies the allegations in paragraph 311.

312.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 312 and on that basis denies the allegations in paragraph 312.

313.    The University admits that the club rowing team does engage in regular practices, and during the fall and spring seasons will travel to Dexter Lake six days a week for practice. The University denies that these practices are for the entirety of the school year, and on that basis denies the remaining allegations in paragraph 313.

314.    The University admits that the University's club rowing team does compete against varsity teams from NCAA Division II and III schools in the region. The Complaint does not allege that the club rowing team regularly competes against other NCAA *Division I* schools, which it does not.

315.    The University admits that club sports at the University are partially funded by donations and student paid dues; this is true for both male and female participants on the club crew team. The University denies any remaining allegations in paragraph 315.

<u>Plaintiff Sydney Weddle</u>

316.    The University admits paragraph 316.

317.    The University admits paragraph 317.

318.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 318 and on that basis denies the allegations in paragraph 318.

319.    The University admits it has strong academics and a club rowing team. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 319 and on that basis denies the allegations in paragraph 319.

43-  DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

320.    The University admits that the club crew team placed seventh in the women's novice 4 category at ACRAs (club team national championship) in 2023, and that Ms. Weddle was on the team at that time. The University further admits that Ms. Weddle recorded the fastest novice 4k time and sixth fastest 2k time in University program history, as measured on the ergometer (erg) and based on the past seven years of data.

321.    The University admits that club sports are student run and funded by donations and student dues. The University denies that it offers little support to the club rowing team. The University lacks knowledge or information sufficient to form a belief about Ms. Weddle's beliefs, and on that basis denies the remaining allegations in paragraph 321.

Plaintiff Claire Daley

322.    The University admits paragraph 322.

323.    The University admits paragraph 323.

324.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 324 and on that basis denies the allegations in paragraph 324.

325.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 325 and on that basis denies the allegations in paragraph 325.

326.    The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 326 and on that basis denies the remaining allegations in paragraph 326.

327.    The University admits that its club crew team placed seventh in the women's novice 4 category at ACRAs (club team national championship) in 2023 and placed second in the women's novice 4 category at the Collegiate Covered Bridge Regatta at Dexter Lake in 2023, and that Ms. Daley was on the team at those times.

328.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 328 and on that basis denies the allegations in paragraph 328.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

329.    The University denies that it ignores the women's club rowing team. The University admits that it provides the same level of support to the women's rowing team as it does to all other club sports including men's rowing. The University otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 329 and on that basis denies the remaining allegations in paragraph 329.

<u>Plaintiff Anna Maria Knight</u>

330.    The University admits paragraph 330.

331.    The University admits paragraph 331.

332.    The University admits paragraph 332.

333.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 333 and on that basis denies the allegations in paragraph 333.

334.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 334 and on that basis denies the allegations in paragraph 334.

335.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 335 and on that basis denies paragraph 335.

336.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 336 and on that basis denies paragraph 336.

337.    The University admits paragraph 337. ACRA is the governing body for collegiate club crew programs and is separate from the NCAA and Intercollegiate Rowing Association.

338.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 338 and on that basis denies paragraph 338.

339.    Like all other club sports at the University, the club rowing team establishes the teams dues every year to support its planned activities for the year. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 339 and on that basis denies paragraph 339.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

*Defendant*

340.    The University admits paragraph 340.

341.    The University admits paragraph 341.

342.    The University admits paragraph 342.

343.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 343.

## FACTUAL ALLEGATIONS

344.    The University provides robust participation opportunities for varsity athletics and admits paragraph 344 and footnote 2.

345.    The University admits Paragraph 345.

346.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 346.

347.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing case law, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 347.

348.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 348.

349.    The University admits the allegations in paragraph 349.

46-    DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

                                    **Perkins Coie LLP**
                                1120 N.W. Couch Street, Tenth Floor
                                   Portland, Oregon 97209-4128
                                   Phone: +1.503.727.2000
                                   Fax:  +1.503.727.2222

165198065.3

350.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 350.

351.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 351.

### Title IX's Equal Athletic Treatment and Benefits Requirements

352.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law or any related regulations as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 352.

353.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 353

354.    The allegations in paragraph 354 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent a response is required, the University denies the allegations in paragraph 354.

355.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing case law, that law speaks for itself. The University denies Plaintiffs' summary,

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 355.

356.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing case law, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 356.

357.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 357.

358.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, the guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 358.

359.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 359.

360.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing a 1998 OCR letter, that letter speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that letter as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 360.

361.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary,

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 361.

362.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 362 and footnote 3.

363.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing a 1998 OCR letter, that letter speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the letter as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 363.

364.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 364.

365.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 365.

366.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX or NCAA rules, that law and those rules speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law and those rules as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 366.

367.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX or NCAA rules, that law and those rules speak for themselves. The

49-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law and those rules as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 367.

368.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 368.

369.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing an OCR Policy Interpretation of Title IX, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that guidance as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 369.

370.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing case law, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 370.

371.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing case law, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 371.

372.    The University denies the allegations in paragraph 372.

373.    The allegations in paragraph 373 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 373.

50-   DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

374.    The allegations in paragraph 374 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 374.

375.    The University is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 375 and on that basis denies the allegations in paragraph 375.

376.    The University denies the allegations in paragraph 376.

377.    The University denies the first sentence of paragraph 377 because the first beach volleyball team participated in the 2014-2015 season. The University denies the remaining allegations in paragraph 377 as inaccurate.

378.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the EADA report, that report speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that report as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 378.

379.    The University denies the allegations in paragraph 379.

380.    The University denies the allegations in paragraph 380.

381.    The University admits that due to its unique roster size, football makes up approximately one third of the male varsity student athletes. The University denies the remaining allegations in paragraph 381.

382.    The University denies the allegations in paragraph 382.

383.    The University denies the allegations in paragraph 383.

384.    The University denies the allegations in paragraph 384.

385.    The University admits that the definitions of equipment and gear supplied by Plaintiffs are used in college athletics. The University denies the remaining allegations in paragraph 385.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

386.    The University admits that male and female student athletes participating in a varsity sport receive equivalent uniforms, practice gear, equipment, and other items that meet the specific needs of each sport. The University further admits that its men's baseball team, as well as its women's softball team, receives uniforms, practice shirts, at least one glove per year, cold weather gear, and shoes. Both the men's baseball team and the women's softball team can also customize one glove per year pursuant to their agreement with their on-field equipment provider. The University denies the remaining allegations in paragraph 386.

387.    The University admits that all varsity student athletes receive gear at the start of the season. No team receives gear repeatedly throughout the season. Varsity student athletes are allowed to purchase certain items, such as their helmets or jerseys, at the end of their time at the University or when they are no longer eligible to play in the NCAA. On occasion, varsity student athletes will receive gear directly from Nike that they are allowed to keep. The University otherwise denies the allegations in paragraph 387.

388.    The University denies the allegations in paragraph 388. No varsity student athlete at the University has access to unlimited equipment or gear. The University ensures that all varsity student athletes have access to the gear they need to participate in their sports. If a varsity student athlete rips a shirt in practice, for example, the athlete can bring that shirt to the team's equipment manager for a replacement. The University otherwise denies the allegations in paragraph 388.

389.    The University admits that it provides all non-scholarship student athletes the same access, equipment and gear as scholarship student athletes in their respective sports.

390.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University ensures that all varsity student athletes have uniforms that fit them. The University denies that there is a throne in the football equipment room. The "throne" is in

52- **DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

the marketing department and is used by both male and female athletes on all varsity teams for photo opportunities. The University denies all remaining allegations in paragraph 390.

391.    The University admits that it provides all varsity student athletes, not just male students, with high-quality gear. The University will tailor gear for any varsity student athlete when there is a need—for example, it will tailor the length of a women's golf team member's golf skirt or tailor a player's pants so their knee brace fits in the uniform. If a varsity student athlete's gear is broken or ripped, the University will fix or replace it. The University otherwise denies all other allegations in paragraph 391.

392.    The University admits that all of the University's varsity student athletes receive gear at the start of the year in a "gear drop." They can receive additional gear if something breaks or needs to be replaced. The University orders gear for each team often over a year in advance. If something is not in a student athlete's size, it will be ordered. The University denies any remaining allegations in paragraph 392.

393.    The women's beach volleyball team has its own equipment ordered for it, as does every other varsity sport. If a varsity student athlete plays on two teams, for example on the indoor volleyball team and the beach volleyball team, they may wear some of the same gear. The University denies the allegations in paragraph 393.

394.    The University denies the allegations in paragraph 394. All varsity student athletes return the majority of their gear and equipment at the end of the season so it can be reused by future varsity student athletes.

395.    The University admits that it provides the women's beach volleyball team with new gear at the start of every year. Players on all varsity teams return their competition gear at the end of the season. On occasion, players are allowed to purchase a jersey at the end of the season. Uniforms are used by varsity student athletes on a four-year cycle. Uniforms for both men's and women's varsity student athletes are not replaced every year. The University otherwise denies the allegations in paragraph 395.

53-    DEFENDANT'S ANSWER, DEFENSES, AND
         AFFIRMATIVE DEFENSES TO PLAINTIFFS'
         CLASS ACTION COMPLAINT

165198065.3

396.    The University denies the allegations in paragraph 396. Equipment managers diligently manage the gear and equipment for a given team. If a beach volleyball athlete had to borrow spandex shorts from the equipment room, it was only because the equipment room was short on sizes from other pairs of shorts not being turned in and the equipment manager was trying to immediately provide the varsity student athlete with the gear she needed. The University denies the remaining allegations in paragraph 396.

397.    The University denies the allegations in paragraph 397. It has ordered both a variety of types of sneakers and sandals for the beach volleyball players.

398.    The University denies the allegations in paragraph 398. The beach volleyball team is provided with spandex shorts. The University works with the varsity student athletes to make sure the student athletes have the gear they need to perform.

399.    The University denies that the beach volleyball players have to purchase their own gear. The University provides the players with the gear needed to participate in beach volleyball practices and competitions including uniforms, sand socks, shorts, pants, winter jackets, practice shirts, sunglasses, rain gear, visors, and backpacks. The University denies all remaining allegations in paragraph 399.

400.    The University provides the beach volleyball team with rain gear. Because rain gear can be much more expensive than other types of gear, many teams, not only women's beach volleyball, are asked to turn in their rain gear at the end of a season so it can be cleaned and used by the team the following year. The University denies the allegations in paragraph 400.

401.    The University denies the allegations in paragraph 401—it purchases polarized sunglasses as well as visors and hats for the women's beach volleyball team.

402.    The University admits paragraph 402. All University of Oregon varsity student athletes wear only Nike branded gear, even if it is gear that they purchased themselves, at all competitions and practices. Varsity student athletes are allowed to wear whatever brand of gear they prefer under their uniforms or practice gear so long as it does not show.

54-    DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

403.    The University denies the allegations in paragraph 403. The women's beach volleyball team is provided with new gear at the start of each season and do not have to use shirts that are the wrong size or are men's shirts. If there is not gear in a player's size, the player should communicate that to the equipment manager and the equipment manager will order gear that fits.

404.    The University denies the allegations in paragraph 404. Each and every women's beach volleyball player receives new gear at the start of each season.

405.    The University denies the allegations in paragraph 405.

406.    The University denies the allegations in paragraph 406. All varsity student athletes have access to laundry services for their practice and competition gear. Individual's practice gear is returned to them for both men and women varsity student athletes. The women's beach volleyball team currently turns in laundry on laundry loops that ensure the same items, including spandex shorts, are returned to the same player. Players for all varsity sports use the same uniforms repeatedly. Uniforms are cycled out after approximately four years of use.

407.    The University denies the allegations in paragraph 407. The University provides high quality equipment to all varsity student athletes.

408.    The University denies the allegations in paragraph 408. The University has purchased new beach volleyballs as needed as well as carts to hold the balls.

409.    The University provides high quality equipment that is appropriate for each sport to all varsity student athletes. The University denies that women do not get state-of-the-art equipment. The University admits that it leased a JUGS machine, but the lease was covered by a donor to the football program. The University admits paragraph 409.

410.    The University denies the allegations in paragraph 410. Each and every sport reuses competition outfits over a multi-year cycle. Coaches make an individualized determine on the type of equipment needed for each team each year.

411.    The University denies the allegations in paragraph 411. Each coach sets the team's non-conference schedule and practice times.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

412.     The University denies the allegations in paragraph 412. Women's beach volleyball has requested an afternoon weightlifting slot and received access to the weight room at the team's preferred time. The University provides priority use of the weight room to the most consistent users of time slots regardless of gender.

413.     The University denies the allegation in paragraph 413. The beach volleyball practice and conditioning times were set specifically by the head beach volleyball coach in order to provide continuity between weightlifting and practice, avoid class conflicts, and allow the student athletes to practice during the best and warmest weather in the afternoon, and were not dictated by any men's team schedule. Meals are available at designated times to all varsity student athletes, both men and women, including beach volleyball team members.

414.     The University denies the allegations in paragraph 414. The men's football team has its own practice facility and weightroom that is not shared with any other varsity student athletes, male or female.

415.     The University admits that the beach volleyball team plays Corban University approximately once or twice per year due to its close geographic proximity. The University denies all remaining allegations in paragraph 415.

416.     The University denies the allegations in paragraph 416. The University timely submits NCAA eligibility paperwork for all varsity student athletes before practices begin.

417.     The University denies the allegations in paragraph 417.

418.     The University denies the allegations in paragraph 418. The University provides all varsity student athletes with the same per diem amount, which varies based on the location. If the team pays for the food, the student's per diem is accordingly reduced.

419.     The University admits the first sentence of paragraph 419 due to the unique size of the football roster. The University denies the allegations in the last sentence of paragraph 419.

56- DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

420.     The University denies the allegations in paragraph 420. Both men and women's varsity sports teams utilize air travel when appropriate. Both men and women's varsity teams will drive to competitions that are within driving distance.

421.     The University admits that when the football team flies, a small number of students are sat where a middle seat is left open. The student athletes who are provided this space often physically require more room than one seat on a plane. The University admits that all varsity student athletes drive to competitions when it is appropriate in university vans. The University denies that the beach volleyball team is required to fly in the early morning—the University does not control the scheduling of commercial flights out of the Eugene airport. The University provides reimbursement for gas when varsity student athletes drive themselves to the airport, but the University encourages all varsity student athletes to carpool to the airport. The University denies any remaining allegations in paragraph 421.

422.     The University admits that coaches for men and women's varsity sports, including the women's beach volleyball coach, will drive players to competitions in university vans when appropriate. The University denies that this leads to a lower level of coaching. The University admits that in the past, women's beach volleyball players were asked to take a driving test, but the University no longer allows any varsity student athlete to drive the university van and no varsity student athlete is required to take the driving test. The University denies the allegations in the last sentence of paragraph 422.

423.     The University denies the allegations in paragraph 423. The University currently has three or four team managers, a head coach and an assistant coach, as well as athletics department staff that handle travel logistics.

424.     The University denies the allegations in paragraph 424.

425.     NCAA rules dictate how meals are provided to varsity student athletes—either through a per diem, meals provided by the University, or a combination of the two. The rules are the same for both men and women. The University provides all varsity student athletes with the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

same per diem amount, which varies based on the location of the travel. If a meal is provided by the University, then a player's per diem is reduced accordingly. If all meals are catered, then the player receives no per diem. The University denies the remaining allegations in paragraph 425.

426.    The University lacks knowledge or information sufficient to form a belief about the allegation that beach volleyball players' parents may have provided student athletes with food and water in addition to what the University or host institution provided the players with. The University denies the remaining allegations in paragraph 426.

427.    The University denies that it does not provide the beach volleyball team with food during all-day tournaments. Because coaches are the only individuals authorized to drive rental cars or vans the University admits that coaches may have to briefly leave an all-day tournament to pick up a food order. The University lacks knowledge or information sufficient to form a belief about the allegation that fans may have tossed water bottles to players during a match, and on that basis denies the remaining allegations in paragraph 427.

428.    All varsity student athletes have access to multiple nutritionist who provide all athletes, both male and female, with snack bags for competition. The University admits that any student athlete can ask for more food in their snack bags. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 428 and denies the remaining allegations.

429.    If there is an extended period of time between matches during a tournament and there were multiple food options nearby, coaches may ask the players to walk and get their own food. The University lacks knowledge or information sufficient form a belief about the remaining allegations in paragraph 429.

430.    The University provides a per diem or caters meals for varsity student athletes when traveling. The University denies the per diem is $25 a day—the University per diem is $40 and will be reduced only if the University provides a meal for the varsity student athletes. The

58-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

University lacks knowledge or information sufficient form a belief about the remaining allegations in paragraph 430.

431.    The University lacks knowledge or information sufficient form a belief about the allegations in paragraph 431. The paragraph fails to specify what tournament is being referenced. The host institution provides water at competitions and games. The University nutritionist provides varsity student athletes with snack packs that contain various food items.

432.    The University lacks knowledge or information sufficient form a belief about the allegations in paragraph 432. The paragraph fails to specify what tournament is being referenced.

433.    The University denies the allegations in paragraph 433—if students are required to stay on campus over spring break, they receive a per diem.

434.    The University admits the first sentence of paragraph 434—this is a common practice amongst Power Five institutions. The University denies Plaintiffs' characterization in the second and third sentences and denies the remaining allegations in paragraph 434.

435.    The University admits paragraph 435. The University does not pay for any other varsity team, men's or women's, to stay at a hotel prior to a home game other than football.

436.    The University denies the allegations in paragraph 436. In the past, players' families have occasionally hosted the beach volleyball team. Players' families no longer host student athletes. The University puts one student athlete per bed in hotels, so unless there are four beds in a room there would not be four individuals in a hotel room. The University denies that the hotels are low quality or in unsafe areas. The University lacks the information or knowledge to form a belief about the last sentence of paragraph 436.

437.    The University denies the allegations in paragraph 437.

438.    Each and every varsity student athlete, both male and female, has access to the Jaqua Center which is a 40,000 square foot state-of-the-art academic learning center. The University denies the allegations in paragraph 438.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

439.    The University provides access to mental health counseling for all varsity student athletes. All students at the University, whether or not they are student athletes, have access to mental health support and counseling. The University denies paragraph 439.

440.    During the COVID-19 pandemic, the season for indoor and beach volleyball overlapped and, separately, a beach volleyball coach was caring for a sick family member who passed away. This led to a few instances in which the women's beach volleyball team did not have a member of the coaching staff able to attend practice. The University denies the remaining allegations in paragraph 440.

441.    The coaches of the varsity sports have different training, responsibility, and roles, and are not similarly situated given clear differences between sports. All coaches are paid competitive salaries based on national market rates. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the University's EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of those reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 441.

442.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the University's EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of those reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 442 and Table A.

443.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the University's EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of those reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 443 and footnote 5.

444.    The University denies the allegations in paragraph 444.

60-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

445.    The University denies the allegations in paragraph 445. Often times, success in a program can lead to high rates of turnover. For example, when the men's football program has a successful year, many of the coaches turn over to pursue different opportunities. Chip Kelly left to work for the Philadelphia Eagles, Willie Taggart left to work for Florida State, and Mario Cristobel left to work at the University of Miami.

446.    The University denies the allegations in paragraph 446. The University has successfully retained numerous head coaches of women's teams after successful seasons including the women's indoor volleyball coach, the women's basketball coach, the women's golf coach, and women's track coaches.

447.    The University denies the allegations in paragraph 447. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the University's EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of those reports as argumentative, inaccurate, and incomplete. The University did offer a contract extension to its women's softball coach but was unable to ultimately retain him. The University has successfully retained numerous head coaches of women's teams after successful seasons including the women's indoor volleyball coach, the women's basketball coach, the women's golf coach, and women's track coaches. The University has also not successfully retained numerous head coaches of men's teams after successful seasons.

448.    The University admits that the women's beach volleyball coach has extensive coaching experience including at the collegiate level. The University admits that, in the past, the women's indoor volleyball coach also helped coach the women's beach volleyball team. The University denies the remaining allegations in paragraph 448.

449.    The coaches of the varsity sports have different training, responsibility, and roles, and are not similarly situated given clear differences between sports. All coaches are paid competitive salaries based on national market rates. To the extent that Plaintiffs are

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

summarizing, characterizing, interpreting, or paraphrasing the University's EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of those reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 449 and Table B.

450.    The University denies the allegations in paragraph 450.

451.    The University denies the allegations in paragraph 451.

452.    The University denies the allegations in paragraph 452.

453.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University provides offices for all of its coaches. The University denies all remaining allegations in paragraph 453.

454.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University admits the remaining allegations in paragraph 454.

455.    The University denies the allegations in paragraph 455.

456.    All varsity student athletes have access to the same amenities at the University including but not limited to the Marcus Mariota Sports Performance Center, free meals at the Hatfield-Dowlin complex, *Alston* payments if they are eligible, nutrition stations in every athletic facility, and access to the Jaqua Academic Center. All varsity student athletes are provided locker rooms and facilities to practice and compete. The University denies the allegations in paragraph 456.

457.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. In 2016, Jane Sanders Stadium opened for the women's softball team—it cost just over $17 million to construct. It includes an expansive stadium with ample seating, state-of-the-art equipment for players, and a locker room with individualized lockers and a lounge. Jane

62-   DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

Sanders Stadium is more centrally located on campus than the men's baseball facility.
Additionally, the men's baseball team shares its facilities with the minor league baseball team
the Eugene Emeralds.

458.    The University admits paragraph 458.

459.    The University denies Plaintiffs' summary, characterization, interpretation, and
paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and
incomplete. The University admits the remaining allegations in paragraph 459.

460.    The University denies Plaintiffs' summary, characterization, interpretation, and
paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and
incomplete. The University admits that the player's lounge is equipped with similar items, like
televisions, games, and seating, as other men and women's player's lounges.

461.    The University denies Plaintiffs' summary, characterization, interpretation, and
paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and
incomplete. The University admits that the football team has a locker room, and each member of
the team has a locker.

462.    The University denies Plaintiffs' summary, characterization, interpretation, and
paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and
incomplete. There is a barber shop in both the men's football locker room as well as Hayward
Field. The barber shop at Hayward Field is available to both men and women. There is also a nail
salon at Hayward Field. The varsity student athletes pay for the barber's services—the
University does not. The University otherwise denies the allegations in paragraph 462.

463.    The University denies Plaintiffs' summary, characterization, interpretation, and
paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and
incomplete. There is a gear wall that displays shoes that have previously been used by the
football team—the shoes are not for the players to choose from. Every sport, both men's and
women's, has a gear room stocked with Nike shoes and gear that are distributed to varsity

63-    DEFENDANT'S ANSWER, DEFENSES, AND
         AFFIRMATIVE DEFENSES TO PLAINTIFFS'
         CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

student athletes as previously discussed. The University denies the remaining allegations in paragraph 463.

464.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University provides storage for all varsity student athlete's gear and equipment.

465.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University admits that there are multiple weight rooms around campus for varsity student athletes to use including a weight room for the football team. The weight rooms are located in the Matthew Knight Arena, the Marcus Mariota Sports Performance Center, McArthur Court, the Hatfield-Dowlin Complex, and Hayward Field. These weight rooms are open to both men and women varsity student athletes. Weight equipment available to student athletes around campus uses the University's logo.

466.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University admits there is a large meeting room in the football facility with Ferrari leather seats. The University admits that the room is used by many members of the athletics department, including women's varsity teams, for a variety of purposes. The University denies the remaining allegations in paragraph 466.

467.    The University admits paragraph 467. Varsity student athletes from a variety of sports use the football practice fields for their workouts. The sports science team in the Marcus Mariota Sports Performance Center is available to all varsity student athletes to improve their skills.

468.    The University denies the allegations in paragraph 468.

469.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and

64- DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

incomplete. Multiple nutritionists support all varsity student athletes. There are nutrition stations in nearly every athletic facility that all student athletes share. All nutrition stations have unlimited healthy snacks for varsity student athletes. The nutritionists are responsible for stocking all of the nutrition stations. Both male and female varsity student athletes receive free meals and snacks. The University no longer uses the Moocho App but admits that at one time the football team did use the app. The University denies any remaining allegations in paragraph 469.

470.    The University no longer uses the Moocho App but admits that the women's beach volleyball team did not use the app. All varsity student athletes share nutrition stations throughout the athletics buildings on campus where unlimited free snacks are provided. All varsity student athletes have access to free meals. The University denies the remaining allegations in paragraph 470.

471.    The University denies the allegation in paragraph 471. All varsity student athletes, whether male or female, have access to world class academic and athletic facilities.

472.    The University denies the allegation in paragraph 472. The University provides a dedicated locker room with individual lockers for every member of the beach volleyball team. The University also has a dedicated practice and competition court, currently at Amazon Park in Eugene, while planning, development and construction of a dedicated beach volleyball facility is under way.

473.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University admits that the beach volleyball team is currently practicing and playing home matches at Amazon Park in Eugene. The University admits that the Amazon courts have good sand and poles. The University denies that student athletes currently need to rake the sand; rather, beach volleyball coach and student equipment managers rake the sand at practices. The University denies any remaining allegations in paragraph 473.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

474.    The University denies Plaintiffs' characterization of the clean-up event in paragraph 474, and on that basis denies the allegations in paragraph 474.

475.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University provides a portable bathroom with a door and a lock that is exclusively used by the beach volleyball athletes, and that is not the bathroom depicted in this picture. The University denies the remaining allegations in paragraph 475.

476.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 476 and denies the allegations in paragraph 476 on that basis.

477.    The University denies that the beach volleyball team was unable to practice on November 28, 2023, because a deceased person, who was only sixteen years old, was found in Amazon Park. To the contrary, no practice had been scheduled for that day. The University denies the remaining allegations in paragraph 477.

478.    The University provides the students with a portable toilet with a door and lock for their use. The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 478 and denies the allegations in paragraph 478 on that basis.

479.    The University admits that there is a creek that runs parallel to the walking path in Amazon Park, however it is far enough from the courts that the University is not aware of volleyballs ever being hit into the creek. The University admits that there is a fence that separates the volleyball court and baseball field and occasionally players retrieve balls that go over this fence. Based on information and belief, the University denies the remaining allegations in paragraph 479.

480.    The University denies the allegations in paragraph 480. There is a water fountain at Amazon Park that beach volleyball players can use to fill their water bottles.

481.    The University denies paragraph 481.

66-  **DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

482.    The University denies the allegation that the beach volleyball team members are not allowed to enter University facilities with sand on their bodies or feet. The University denies that the women's beach volleyball team loses access to post-practice recovery due to having sand on their bodies or if a visiting team is temporarily using the locker room. The beach volleyball team, just like every varsity student athlete on any men or women's team, can schedule appointments the same day or the next day with an athletic trainer or physician employed by the University. The University denies the remaining allegations in paragraph 482.

483.    The University denies that there is not proper storage in Amazon Park. The beach volleyball team has access to a locked shed. The University denies the remaining allegations in paragraph 483.

484.    The University admits the allegations in paragraph 484. The University promptly replaced any balls. The University admits that the high school softball team uses the shed, but when that happens student managers and the coaches bring equipment to the beach volleyball courts.

485.    The University admits that it rains frequently in Eugene. The beach volleyball team rotates balls more frequently during practice to avoid injury when it is wet out. The University lacks knowledge or information to form a sufficient belief about the remaining allegations in paragraph 485, and on that basis denies the remaining allegations in paragraph 485.

486.    The University denies the allegations in paragraph 486. The nets are adjustable and are set by the Coach to regulation height.

487.    The University denies that there is no branding on the beach volleyball courts during matches. The University provides signs and is making banners. The University denies the remaining allegations in paragraph 487.

488.    The University denies the allegations in paragraph 488.

489.    The University denies the allegations in paragraph 489. The University provided the beach volleyball team with a whiteboard when requested.

67-    DEFENDANT'S ANSWER, DEFENSES, AND
      AFFIRMATIVE DEFENSES TO PLAINTIFFS'
      CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

490.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The University denies the remaining allegations in paragraph 490.

491.    The University admits that currently the beach volleyball team lifts weights prior to practicing and that the schedule can be changed if the players request. There is adequate time built into the schedule for beach volleyball players to get from weightlifting to the courts at Amazon Park. The University denies that the drive is more than ten-minutes. The University denies that the beach volleyball team is not allowed to lift weights after practice because they have sand on their bodies. The University denies any remaining allegations in paragraph 491.

492.    University admits that the beach volleyball team practices at Amazon Park and share access to the beach volleyball courts. However, the University's beach volleyball team has the right of first access to the courts for scheduling. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 492.

493.    The University denies the allegations in paragraph 493. There is a light switch the coach can use that turns the lights on and off in Amazon Park.

494.    The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of photographs, whose origin is unknown, as argumentative, inaccurate, and incomplete. The women's beach volleyball team can leave items secured in their lockers in their dedicated locker room. The lockers also have the women's nameplates on them. The University denies that visiting teams are given better treatment than the women's beach volleyball team. The University denies the remaining allegations in paragraph 494.

495.    All student athletes pay for their own parking on campus around the Matthew Knight Arena—the University does not provide any student athlete parking for free. The University admits the remaining allegations in paragraph 495.

496.    The University denies the allegations in paragraph 496. All varsity student athletes have access to the same athletic training facility in the Hatfield-Dowlin complex and the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Marcus Mariota Sports Performance Center. All varsity student athletes have concierge access to athletic training and can schedule same day or next day appointments to see the athletic trainers.

497.    The University admits there are four or five trainers that provide athletic training services to the football team when it is in season, but when the football team is out of season, those trainers work with other varsity student athletes. The University allocates athletic trainers depending on the size of the varsity sports team and the level of risk from injury. Football is a large team with a high risk of injury and therefore has trainers attend every practice. The University further admits that trainers attend all home games for all varsity sports. The University admits that several other sports, including men's and women's basketball, have access to trainers for practices due to the high risk of injury. The University denies that any varsity student athlete has continuous access to medical trainers and staff. The University denies the remaining allegations in paragraph 497.

498.    The University denies that it allocates athletic training services based on the gender of the sports team. The University allocates athletic trainers based on the size of the team and the risk of injury from the sport. Certain smaller varsity teams, both men's and women's teams, share trainers. The University denies that it does not provide athletic trainers for women's competitions—the University provides athletic trainers at every home competition for every sport and facilitates support from the home team's athletic trainers for away competitions. The University denies the remaining allegations in paragraph 498.

499.    The University denies the allegations in the first sentence of paragraph 499. All varsity student athletes can access athletic training services usually the same day and at the latest the following day. In the case of an emergency, athletic trainers are immediately available. The University provides blood test screening to its varsity female student athletes. If a blood test shows that a student is anemic, the recommended course of treatment is to take iron—and all varsity student athletes are provided with vitamins. The University lacks the knowledge or

69-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

information sufficient to form a belief about the allegations in the second and third sentences of paragraph 499 and denies the allegations.

500.    The University denies the allegation that varsity women student athletes have to seek outside medical assistance—if a student athlete chooses to seek outside medical assistance or rehabilitation that is the student athlete's choice. The University denies that all outside care is paid for by the student out-of-pocket. If a student seeks outside care and receives preapproval from the University, the University may be able to cover a portion of the cost of the care. The University denies the remaining allegations in paragraph 500.

501.    The University denies that any varsity student athlete has to provide medical care to any other varsity student athlete. The University admits that athletic trainers do not regularly travel with the beach volleyball team because the risk of injury is low. The same is true for other low risk sports like men's and women's golf and tennis. When these teams do travel, the University's athletic trainers coordinate with the athletic trainers at the host institution and the host institution's trainers provide care for traveling student athletes. This is a common practice in college athletics. The University admits that the beach volleyball team has a suitcase the University's athletic trainers provide that contains medication, tape, exercise bands, and warmup and recovery equipment. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 501 and denies the remaining allegations in paragraph 501.

502.    The allegations in paragraph 502 are false and on that basis the University denies them. Athletic trainers come to some women's beach volleyball practices but because it is a low-risk sport they do not come to every practice.

503.    The University denies the allegations in paragraph 503. Women's beach volleyball is a low-risk sport, and there have been very few injuries during practices.

504.    The University admits that at a weightlifting session on campus a beach volleyball player obtained a concussion. The University denies that there were no athletic trainers on site—

70-    DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

there were multiple athletic trainers a few yards away. The University admits that another student-athlete drove the concussed student athlete to the emergency room later in the day after the concussed student athlete had already gone home.

505.    The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 505 and denies the remaining allegations in paragraph 505. Varsity student athletes or the team's coach can call an athletic trainer to treat and transport an injured student athlete if an athletic trainer is not at the practice.

506.    The University lacks knowledge or information sufficient to form a belief about the allegations in paragraph 506 and denies the allegations in paragraph 506. Varsity student athletes or the team's coach can call an athletic trainer to treat and transport an injured student athlete if an athletic trainer is not at the practice.

507.    The University denies the allegations in paragraph 507. The University provides all student athletes with access to athletic training at the Hatfield-Dowlin complex or at athletic facilities around campus. The University denies that it does not provide the beach volleyball team with access to proper athletic training staff or care. The final sentence of paragraph 507 does not provide sufficient information about the timing or student involved for the University to respond, and the University denies the allegations on that basis.

508.    The University denies the allegations in paragraph 508. All varsity student athletes can access mental health care from licensed mental health providers who are contracted and available to schedule appointments. The University lacks knowledge or information sufficient to form a belief around the reasons why volleyball team members may have needed access to mental health services and denies those allegations on that basis.

509.    The University denies the allegations in Paragraph 509. The University has an athletic department webpage that features pictures of both men's and women's varsity sports. Each varsity team has a roster page with professional photographs of all varsity student athletes.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

All varsity sports have social media profiles. The women's varsity sports are highlighted in the Women in Flight newsletter that is sent out monthly.

510.    The University denies the allegations in Paragraph 510.

511.    The University denies the allegations in Paragraph 511.

512.    The University admits there is a media room used by the football team in the Hatfield-Dowlin complex and denies the remaining allegations in paragraph 512.

513.    The University admits that the beach volleyball team has social media accounts. Access to the accounts is often limited to coaches or the athletic department's communication and creative staff. The University lacks the knowledge or information sufficient to form a belief about the remaining allegations in paragraph 513 and denies them on that basis.

514.    The University has photographers at home beach volleyball matches. When the beach volleyball team travels, the University receives pictures from the host institution's photographer. The University denies the remaining allegations in paragraph 514.

515.    The University denies the allegations in Paragraph 515.

516.    The University denies the allegations in paragraph 516. The Women in Flight Program supports all varsity female student athletes at the University including the women's beach volleyball team. The money raised by the Women in Flight Program goes to support female varsity athletes through a combination of uses including the student-athlete experience, team building, career development, team foreign tours, scholarships, and community events. Women in Flight held numerous events that are available to all female student athletes, including beach volleyball, such as personalized water bottles, an Annual Women's Symposium, National Girls and Women in Sports Day, various donor events, and a Women in Flight sponsored yoga night. The Women in Flight Program has also funded beach volleyball activities, including team bonding events and retreats.

517.    The University admits paragraph 517. The Women in Flight program supports all women's varsity athletics at the University.

72-    DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

165198065.3

518.    The University denies the allegations in paragraph 518. The beach volleyball team is eligible, and has received, support through the Women in Flight Program.

519.    The University admits that the Women in Flight Program raised $15 million in 2022 and denies the remaining allegations in paragraph 519. The Women in Flight Program has funded beach volleyball activities, including team bonding events, dinners, and retreats.

520.    The University admits that the On3 published the webpage referenced in paragraph 520. The University admits that it contracts with Opendorse and provides this service and compliance resources to male and female students alike. Division Street is a separate entity that is not owned, controlled, or directed by the University. The University denies the remaining allegations in paragraph 520.

521.    The University denies the allegations in paragraph 521.

522.    The University admits that On3 published the article referenced in paragraph 522. The University does not maintain and has not confirmed the accuracy of the NIL rankings in that article, and on that basis denies the allegations in paragraph 522.

523.    The University denies the allegations in paragraph 523.

524.    The University admits that On3 published the article referenced in paragraph 524. The University does not maintain and has not confirmed the accuracy of the NIL rankings in that article, and on that basis denies the allegations in paragraph 524.

525.    The University admits it contracts with Opendorse, which allows student athletes to maximize their NIL opportunities and provides additional education and compliance. There are no aspects of Opendorse that are limited by sex; rather the service is available to all student athletes regardless of sex or gender. The University otherwise denies all other allegations in paragraph 525.

526.    The University denies the allegations in paragraph 526. Recruiting for each sport is unique. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies

73-    DEFENDANT'S ANSWER, DEFENSES, AND
       AFFIRMATIVE DEFENSES TO PLAINTIFFS'
       CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

Plaintiffs' summary, characterization, interpretation, and paraphrasing of the EADA reports as argumentative, inaccurate, and incomplete.

527.    The University denies the allegations in paragraph 527 and Table C. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the EADA reports as argumentative, inaccurate, and incomplete.

528.    The University denies the allegations in paragraph 528. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete.

529.    The University denies all remaining allegations in paragraph 529. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete.

530.    The University denies the allegations in paragraph 530. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete.

531.    The University admits that data for 2023-2024 is not yet publicly available. The University denies the remaining allegations in paragraph 531. All recent EADA reports, including the report from 2022-2023, are available on the University's website.

532.    The University denies the allegations in paragraph 532. The financial aid package that male student-athletes can receive is the same as the financial aid package the female student-athletes can receive, however actual amounts may vary based on legitimate factors unrelated to

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

sex such as whether the student is paying in-state or out-of-state tuition, is in an equivalency or head-count sport, is eligible for summer tuition, and/or the costs of books.

533.    The University denies the allegations in paragraph 533.

534.    The University denies the allegations in paragraph 534.

535.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the OCR Title IX Manual, that guidance speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of that guidance as argumentative, inaccurate, and incomplete. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the EADA reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 535 and Table D.

536.    To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing the EADA Reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 536, Table D, and footnote six.

537.    The University denies the allegations in paragraph 537 and footnote 7.

538.    The University denies the allegations in paragraph 538.

539.    The University denies the allegations in paragraph 539.

540.    The University denies the allegations in paragraph 540.

541.    The University denies the allegations in paragraph 541.

542.    The University denies the allegations in paragraph 542.

543.    The University denies the allegations in paragraph 543.

544.    The University denies the allegations in paragraph 544.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

545.    The University denies paragraph 545. As previously mentioned, there are many factors affecting athletic financial aid, which is both capped by NCAA rules and also based on athletic ability.

546.    The University admits that none of the beach volleyball Plaintiffs received athletic financial aid, although they did receive numerous other benefits including free meals, snacks, equipment, travel, team building events, strength, conditioning and medical services, academic support, and the *Alston* payment if eligible—at levels that are likely greater than other Power-Five institutions. The University lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 546 and denies the remaining allegations in paragraph 546 on that basis.

547.    The University denies that it promised any beach volleyball Plaintiff that they would be receiving an athletic scholarship. The University admits that beach volleyball is its most recently added varsity sport, and since its inception the University has continuously increased and expanded the beach volleyball program, including by increasing the budget, adding scholarships, purchasing new equipment, traveling to more competitions, increasing the roster, hiring additional coaches and team managers, and committing funds and space to build a dedicated beach volleyball facility on campus. The remaining allegations in paragraph 547 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 547.

548.    The allegations in paragraph 548 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 548. The financial aid package that any given student receives depends on the sport, athletic ability, whether the student is in-state or out-of-state, and other factors unrelated to the student-athlete's sex or gender; and ultimately the total allowable amount is also capped at the cost of attendance which is the same regardless of sex or gender.

549.    The University denies the allegations in paragraph 549. The University does comply with the three-part test by, among other things, having a history and practice of expanding participation opportunities responsive to the developing interests and abilities of the underrepresented sex, and fully and effectively accommodating the interests and abilities of the underrepresented sex.

550.    The University denies the allegations in paragraph 550.

551.    The University denies the allegations in paragraph 551. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete.

552.    The University denies the allegations in paragraph 552. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete.

553.    The University denies the allegations in paragraph 553 and Table E. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, those reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the EADA reports as argumentative, inaccurate, and incomplete.

554.    The allegations in paragraph 554 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent that Plaintiffs are summarizing,

77-    DEFENDANT'S ANSWER, DEFENSES, AND
        AFFIRMATIVE DEFENSES TO PLAINTIFFS'
        CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

characterizing, interpreting, or paraphrasing EADA reporting requirements or Title IX, the laws speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 554.

555.    The University denies all the allegations in paragraph 555. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the reports as argumentative, inaccurate, and incomplete.

556.    The allegations in paragraph 556 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 556.

557.    The University denies the allegations in paragraph 557. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing EADA reports, the reports speak for themselves. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete.

558.    The allegations in paragraph 558 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 558.

559.    The University denies the allegations in paragraph 559. Among other things, the University added women's golf in 1986, women's soccer in 1996, women's lacrosse in 2004, women's acrobatics and tumbling in 2008, and women's beach volleyball in 2014; during which time it added no men's sport with the exception of baseball that replaced men's wrestling. The

78-    DEFENDANT'S ANSWER, DEFENSES, AND
        AFFIRMATIVE DEFENSES TO PLAINTIFFS'
        CLASS ACTION COMPLAINT

165198065.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

unduplicated counts of female participants in NCAA Division I sports has also increased over the past 5 years.

560.    The University admits paragraph 560.

561.    The University admits that it added women's beach volleyball in 2014 but denies all other allegations in paragraph 561.

562.    The University denies the allegations in paragraph 562. The second prong of the three-part test considers the history and continuing practice of expanding participation opportunities responsive to the developing interests and abilities of the underrepresented sex, and the University has responded to the interests and abilities of its female students. Moreover, the recent addition of women's soccer, lacrosse, acrobatics and tumbling, and beach volleyball show continued expansion, as well as the increase in female participants from 200 female participants in academic year 2018-2019 to 238 female participants in academic year 2022-2023 (unduplicated counts, according to EADA reports), an increase of 19% in 5 years.

563.    The University denies the allegations in paragraph 563. The University regularly issues interest and ability surveys of its undergraduate population to assess any interest in program expansion and whether there exists the ability to support a competitive Division I team. Moreover, as made clear in this Answer, the University is continuing to invest resources and funds into the expansion of its most recently added sport, beach volleyball, including by adding scholarships and fundraising to build a beach volleyball facility in the heart of campus.

564.    The University denies the allegations in paragraph 564. That interest survey shows there is not meaningful interest and/or ability in any NCAA Division I sport that is not already offered by the University.

565.    The University denies the allegations in paragraph 565. The University regularly sends out athletic interest and ability surveys to both current and incoming students, including most recently in September 2023 before this Complaint was filed.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

566.    The University denies the allegations in paragraph 566. The University regularly sends out interest and ability surveys, including most recently in September 2023 before this Complaint was filed.

567.    The University admits paragraph 567, with the clarification that equestrian, rugby, and wrestling are considered emerging sports for women meaning that they do not have an NCAA championship.

568.    The University admits that there are robust club sports opportunities for all students including those listed in paragraph 568 and that students are interested in these sports at the club level.

569.    The University admits it will participate in the Big 10 conference in the 2024-2025 academic year. The University admits that the Big 10 sponsors the women's sports listed in paragraph 569. The University lacks information and knowledge as to what is the fastest growing sport among high school students, and on that basis denies the final sentence in paragraph 569.

570.    The University denies the allegations in paragraph 570. The University's interest and ability surveys have routinely shown there is not sufficient interest and ability in women's rowing to field a competitive NCAA Division I team. In addition, most NCAA Division I crew teams are located closer to lakes, rivers, or bodies of water for practice than the University of Oregon, where team members would need to drive 45 minutes to the nearest practice facility, which makes it suboptimal from a recruiting perspective.

571.    The University denies the allegations in paragraph 571. The University has continually evaluated through interest surveys what sports to offer as varsity and club sports.

572.    The University admits that the club rowing team has placed well in several competitions against club and NCAA Division I and II teams, and that this is a very different level of competition than NCAA Division I. The University's recent interest and ability survey speaks for itself with respect to the current students' interest and ability in participating in Division I women's crew.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

573.    The University admits that Oregon State University, University of Washington, and Washington State University[1] all have varsity women's rowing teams, each with over 45 student athletes. The University denies the remaining allegations in paragraph 573.

574.    The University denies the allegations in paragraph 574, including that it is out of compliance with Title IX.

## **CLASS ALLEGATIONS**

575.    The allegations in paragraph 575 are a statement of Plaintiffs' claims that do not require an answer. To the extent an answer is required, the University denies the validity of Plaintiffs' claims or the claims of any putative Class members and denies that Plaintiffs are appropriate class representatives for the purported Class or that a class may be certified. The University denies all remaining allegations in paragraph 575.

576.    The allegations in paragraph 576 are a statement of Plaintiffs' claims that do not require an answer. To the extent an answer is required, the University denies the validity of Plaintiffs' claims or the claims of any putative Class members and denies that Plaintiffs are appropriate class representatives for the purported Class or that a class may be certified. The University denies all remaining allegations in paragraph 576.

577.    The allegations in paragraph 577 are a statement of Plaintiffs' claims that do not require an answer. To the extent an answer is required, the University denies the validity of Plaintiffs' claims or the claims of any putative Class members and denies that Plaintiffs are appropriate class representatives for the purported Class or that a class may be certified. The University denies all remaining allegations in paragraph 577.

578.    The allegations in paragraph 578 are a statement of Plaintiffs' claims that do not require an answer. To the extent an answer is required, the University denies the validity of

---

[1] The University of Washington and the University of Oregon will be members of the Big 10 Conference starting in the 2024-2025 academic year. Rowing teams in the Big 10 Conference typically have at least 51 student athletes in order to fill the various boats that contribute to conference scoring. *See* Big 10 Conference Game Management Manual, at p. 7, http://office.bigten.org/manuals/pdfs/rowing-gamemgt.pdf.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Plaintiffs' claims or the claims of any putative Class members and denies that Plaintiffs are appropriate class representatives for the purported Class or that a class may be certified. The University denies all remaining allegations in paragraph 578.

579.    The University admits that Plaintiffs can seek permission to revise or amend the putative class definitions in accordance with the Federal Rules of Civil Procedure. The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 579.

580.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 580.

581.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 581.

582.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 582.

583.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 583.

584.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 584.

585.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 585.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

586.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 586.

587.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 587.

588.    The allegations in paragraph 588 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 588.

589.    The University denies the allegations in paragraph 589.

590.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 590.

591.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 591.

592.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 592.

593.    The allegations in paragraph 593 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 593.

594.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 594.

83-  DEFENDANT'S ANSWER, DEFENSES, AND
     AFFIRMATIVE DEFENSES TO PLAINTIFFS'
     CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

## COUNT I

### TITLE IX—UNEQUAL TREATMENT AND BENEFITS

595.    The allegations in paragraph 595 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent an answer is required, the University denies the allegations in paragraph 595.

596.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 596.

597.    Plaintiffs fail to define the phrase "NIL support and other services," and as such, the University lacks knowledge or information to understand this allegation and denies this allegation on that basis. The University admits that it provides the equipment, supplies, uniforms, travel and transportation, academic support, athletic training, medical services, meals and other support necessary for student athletes to complete in their respective sports. The University otherwise denies paragraph 597.

598.    The allegations in paragraph 598 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer.

599.    The allegations in paragraph 599 are false, and on that basis, the University denies the allegations in paragraph 599.

600.    The allegations in paragraph 600 are false, and on that basis, the University denies the allegations in paragraph 600.

601.    The allegations in paragraph 601 are false, and on that basis, the University denies the allegations in paragraph 601.

602.    The allegations in paragraph 602 are false, and on that basis, the University denies the allegations in paragraph 602.

603.    The University denies the allegations in paragraph 603.

## COUNT II
### TITLE IX –UNEQUAL FINANCIAL AID

604.    The University incorporates its responses to all prior paragraphs.

84-    DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

605.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 605.

606.    The University admits it provides financial aid to both male and female varsity student athletes.

607.    The allegations in paragraph 607 are a statement of Plaintiffs' claims and/or legal conclusions and do not require an answer. To the extent that Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing Title IX, that law speaks for itself. The University denies Plaintiffs' summary, characterization, interpretation, and paraphrasing of the law as argumentative, inaccurate, and incomplete. The University denies all remaining allegations in paragraph 607.

608.    The University denies the allegations in paragraph 608.

609.    The University denies the allegations in paragraph 609.

610.    The University denies the allegations in paragraph 610.

## COUNT III
## TITLE IX—UNEQUAL PARTICIPATION OPPORTUNITIES

611.    The University incorporates is responses to all prior paragraphs.

612.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 612.

613.    The University admits paragraph 613, with the clarification that the number of student athletes on each team is also restricted by NCAA rules.

614.    The University denies the allegations in paragraph 614.

615.    The University denies the allegations in paragraph 615.

616.    The University denies the allegations in paragraph 616.

617.    The University denies the allegations in paragraph 617.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

618.    The University denies the allegations in paragraph 618. Club sports and NCAA Division I sports compete at very different levels.

619.    The University denies the allegations in paragraph 619.

620.    The University denies the allegations in paragraph 620.

621.    The University denies that any Class can be certified, denies that a class action is superior to other methods to adjudicate this controversy, and denies all remaining allegations in paragraph 621.

## PLAINTIFFS' PRAYER FOR RELIEF

A.    The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief.

B.    The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief. The University denies that class counsel can adequacy represent the purported Classes.

C.    The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief.

D.    The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief.

E.    The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief.

DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3

F.      The University denies that any Class can be certified and further denies that Plaintiffs, the purported Classes, or any of them, are entitled to their requested relief or to any other relief.

G.      The University denies that Plaintiffs are entitled to an award of attorney fees or expenses or to any other relief.

H.      The University denies that Plaintiffs, the purported Classes, or any of them, are entitled any other relief.

## AFFIRMATIVE DEFENSES

By way of further answer, the University states the following defenses and affirmative defenses:

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are moot and/or Plaintiffs lack standing to raise some or all of the claims of the purported class members. Among other reasons, eleven of the named Plaintiffs have already graduated from the University and, therefore, lack standing to assert the claims raised in the Complaint. Josie Cole graduated on September 11, 2021. Madelyn LaFollette and Savannah Siegrist graduated with their masters on December 10, 2022. Alexandra Haden, and Carly Wallace graduated on June 13, 2023. Delaney Hopen, Mia Lopez, and Beatrice Wetton graduated on June 20, 2023. And Anastasia Lima, Abigail Plevin, and Batia Rotshtein graduated on December 9, 2023. Ella Tyus is not enrolled at the University in 2024. Five of the named plaintiffs are no longer enrolled at the University—Zoe Almanza, Jade Bernal, Vivian Donovan, Alaina Thomas, and Ella Tyus. Because these individuals are no longer enrolled, they lack standing to raise some or all of the claims of the purported class members.

3.      Plaintiffs' claims on behalf of the purported classes are barred by Plaintiffs' failure to meet all mandatory requirements of FRCP 23(a), or any of the requirements of FRCP 23(b).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

4.      The claims alleged by the named Plaintiffs are neither common nor typical of those, if any, of the members of the purported Classes.

5.      The named Plaintiffs are inadequate representatives of the purported Class and class counsel cannot adequately represent the purported Classes.

6.      The types of claims alleged by Plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

7.      Plaintiffs have failed to identify a Title IX violation.

8.      Plaintiffs' claims, or some of them, are barred by applicable statutes of limitation. Because Title IX does not contain a listed statute of limitations, courts apply the time limitation in the most analogous state law. The most analogous state law is ORS § 659.860 which prohibits discrimination in educational programs, including public universities created by ORS § 352.002(1) like the University of Oregon. The statute of limitations is therefore one year. ORS § 659.860(2).

9.      Plaintiffs have sustained no damages or, if any, de minimis damages, which are not actionable.

10.     Plaintiffs are not entitled to a jury trial.

11.     Plaintiffs are not entitled to some or all of the damages sought as a matter of law.

12.     Any alleged violation of Title IX is the result of legitimate, non-discriminatory factors.

The University reserves the right to assert additional affirmative defenses based upon further discovery.

## REQUEST FOR RELIEF

WHEREFORE, the University requests that the Court dismiss Plaintiffs' Complaint in its entirety, award the University its attorney fees, costs, and disbursements herein, and award such further relief as the Court may deem appropriate in the circumstances.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

DATED: March 4, 2024

**PERKINS COIE LLP**

By: */s/ Sarah J. Crooks*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Sarah J. Crooks, OSB No. 971512
    SCrooks@perkinscoie.com
    Adrianna Simonelli, OSB No. 222481
    ASimonelli@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone:  503.727.2000

*Attorneys for Defendant University of Oregon*

89- DEFENDANT'S ANSWER, DEFENSES, AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CLASS ACTION COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

165198065.3