Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Adrianna Simonelli, OSB No. 222481
ASimonelli@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant University of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, KENDALL CLARK, HALLI FIELDS, NATASHA GEORGE, JOSIE GRIFFITHS, JADE BERNAL, DAHLIA MCALLISTER, PRESLEY MCCASKILL, ABIGAIL PLEVIN, VALERIE PETERSON, ELLA TYUS, SIULOLOVAO FOLAU, ALEX LAITA, BATIA ROTSHTEIN, ZOE ALMANZA, BEATRICE WETTON, MIA LOPEZ, DELANEY HOPEN, CARLY WALLACE, SAVANNAH SIEGRIST, ANASTASIA LIMA, MADELYN LAFOLLETTE, ALEXANDRA HADEN, JOSIE COLE, ALAINA THOMAS, VIVIAN DONOVAN, ELISE HAVERLAND, RIVER RIBEIRO, SOPHIA SCHMITZ, SYDNEY WEDDLE, CLAIRE DALEY and ANNA MARIA KNIGHT, Individually and on behalf of all those similarly situated, | Case No. 6:23-cv-01806-MC **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS** ORAL ARGUMENT REQUESTED |
| Plaintiffs, | |
| v. | |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF LAW ........................................................................................................ 1

I.      Introduction. ................................................................................................................ 1

II.     Background. ................................................................................................................. 1

III.    The Court should grant summary judgment as to all allegations that fall outside of
        Oregon's one-year statute of limitations for Title IX cases. ............................................ 3

        A.      Legal standard. .................................................................................................. 3

        B.      The Court should find that Oregon's one-year statute of limitations for
                discrimination claims brought against educational institutions is the most
                appropriate limitations period and grant summary judgment in full. .................... 3

        C.      In the alternative, the Court should find that Oregon's two-year personal
                injury statute of limitations applies to this case. ................................................. 6

        D.      Each Plaintiff had notice when she came to campus and began
                participating in her sport of the alleged injury that forms the basis of her
                claims, so the statute of limitations period runs from that date at the latest. ......... 7

CONCLUSION .................................................................................................................... 10

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abramson v. Univ. of Haw.*,
    594 F.2d 202 (9th Cir. 1979) ...............................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...............................................................................................3

*Cole v. Montana University System*,
    No. CV-21-88-M, 2023 WL 6992812 (D. Mont. Oct. 23, 2023) ........................7, 8

*Fisk v. Bd. of Trs. of Cal. State Univ.*,
    No. 22-CV-173, 2023 WL 2919317 (S.D. Cal. Apr. 12, 2023)...............................5

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ................................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986).................................................................................................3

*Ollier v. Sweetwater Union High Sch. Dist.*,
    768 F.3d 843 (9th Cir. 2014) ................................................................................3

*Samuelson v. Oregon State University*,
    162 F. Supp. 3d 1123 (D. Or. 2016), *aff'd*, 725 F. App'x 598 (9th Cir. 2018) ................4, 6, 7

*Stanley v. Trs. of Cal. State Univ.*,
    433 F.3d 1129 (9th Cir. 2006) ..................................................................... passim

STATUTES

20 U.S.C. § 1681.............................................................................................................4

California Government Code § 945.6 ...........................................................................5

ORS 659.860(2) ..............................................................................................................6

ORS § 12.110..............................................................................................................4, 5

ORS § 12.110(1) ............................................................................................................6

ORS § 659.850.........................................................................................................4, 5, 6

ORS § 659.850 and Title IX .........................................................................................4

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

ORS § 659.860....................................................................................................................4

ORS § 659.860(2) ...........................................................................................................4, 7

ORS § 659.860's ............................................................................................................4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56..............................................................................................................1

Fed. R. Civ. P. 56(a) .........................................................................................................3

Fed. R. Evid. 201(b)(2) .....................................................................................................9

LR 7-1 ...............................................................................................................................1

University of Oregon, 5-Year Academic Calendar,
   https://registrar.uoregon.edu/calendars/academic/five-year ......................................9

**Perkins Coie LLP**
AuthorOfficeAddress
Phone:  AuthorOfficeGeneralNo1
Fax:  AuthorOfficeFaxNo1

## LR 7-1 CERTIFICATION

In compliance with LR 7-1, counsel for the University of Oregon certifies that they conferred in good faith via telephone conference with Plaintiffs' counsel regarding each defense that is the subject of this motion, but the parties were unable to resolve these disputes.

## MOTION

The University moves for summary judgment under Fed. R. Civ. P. 56 on statute of limitations grounds and requests the dismissal of Plaintiffs' claims that fall outside of the statute of limitations. Depending on the statute of limitations the Court adopts, either all, or the vast majority, of Plaintiffs' claims are time-barred.

## MEMORANDUM OF LAW

I.      **Introduction.**

Plaintiffs—twenty-six current and former members of the women's varsity beach volleyball team and six current members of the women's club rowing team—allege Title IX violations relating to athletics participation, treatment and benefits against the University of Oregon (University). Plaintiffs' Complaint contains facial deficiencies that require winnowing this litigation to, at most, a few of the plaintiffs and claims. In particular, the controlling statute of limitations for Plaintiffs' claims should be one year, or at most two years, which requires the dismissal of multiple plaintiffs and claims.

II.     **Background.**

Please see the factual background contained in the University's contemporaneously filed Motion for Judgment on the Pleadings. Plaintiffs' Complaint alleges three counts.

**Count I.** The Beach Volleyball Plaintiffs bring, on behalf of themselves and a putative class, claims under Title IX for unequal treatment and benefits. Compl. ¶¶ 595–603. They allege that "Defendant fails to provide female varsity student-athletes with treatment and benefits equal to those they provide to male varsity student-athletes." *Id.* ¶ 599. Plaintiffs further allege that the harm suffered "includes lost educational opportunities, lost competitive advantages, less quality

1-    DEFENDANT'S MOTION FOR SUMMARY
      JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

in participation opportunities, being subjected to sex discrimination, and the degrading and stigmatizing effects of that treatment." *Id*. ¶ 602.

**Count II.** The Beach Volleyball Plaintiffs also bring, again on behalf of themselves and a putative class, claims under Title IX for unequal athletic financial aid. Compl. ¶¶ 604–610. They allege that the University "has not provided and does not provide athletic financial aid to its female and male student athletes in proportion to the number of students of each sex participating in intercollegiate athletics." *Id*. ¶ 608. They allege that the harm suffered includes "lost educational opportunities, lost financial assistance, and lost quality in participation opportunities, in addition to the harm of being subjected to sex discrimination and its stigmatizing effects." *Id*. ¶ 609.

**Count III.** The Club Rowing Plaintiffs allege, on behalf of themselves and a putative class, unequal participation opportunities under Title IX. Compl. ¶¶ 611–21. These Plaintiffs allege that the University "fails to provide female students an equal opportunity to participate in varsity intercollegiate athletics. . . ." *Id*. ¶ 614. They allege that the harm suffered includes "being denied the educational, economic, physical, psychological, and social benefits of athletic participation" and that this has "stigmatizing effects." *Id*. ¶ 620.

**Relief Sought.** Plaintiffs seek (1) the certification of a class action for each of their claims, (2) declaratory relief stating that Oregon is discriminating against its current female varsity student athletes on the basis of their sex by depriving them of equal treatment and benefits, equal athletic financial aid, and equal opportunities to participate in intercollegiate athletics in violation of Title IX, (3) a permanent injunction barring the University from discriminating against female student athletes, (4) compensatory and nominal damages as well as other monetary relief permitted by law, (5) for the Court to maintain jurisdiction over this action to monitor the University's compliance with any of the Court's orders, and (6) for the Court to appoint Plaintiffs' counsel as class counsel and award reasonable attorney's fees and expenses. Compl. at 114–15.

2-  DEFENDANT'S MOTION FOR SUMMARY
    JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

**III.    The Court should grant summary judgment as to all allegations that fall outside of Oregon's one-year statute of limitations for Title IX cases.**

Oregon imposes either a one-year, or at most a two-year, statute of limitations under Title IX. Plaintiffs were on notice of the alleged discriminatory behavior when they accepted offers to attend the University, or at the latest when they arrived on campus and began participating in their respective sports. The limitations period began to run at that time.

**A.    Legal standard.**

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 854 (9th Cir. 2014). The moving party first must prove that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The burden then shifts to the opposing party to establish a genuine issue of material fact. *Id*. Failure to prove any element of claim requires granting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B.    The Court should find that Oregon's one-year statute of limitations for discrimination claims brought against educational institutions is the most appropriate limitations period and grant summary judgment in full.**

Title IX claims "borrow the most appropriate <u>state</u> statute of limitations." *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) (internal quotation marks and citation omitted; emphasis added). When determining the most appropriate limitations period within the state, the "essential inquiry" for the court is "the nature of the harm alleged." *Id.* at 1135.

In this case, the nature of the alleged harm is unlawful discrimination based on sex by a higher education institution. *See* Compl. at 110–14, Counts I–III. In particular, Title IX prohibits discrimination based on sex by any higher education program that is financed in whole or in part by federal funds. 20 U.S.C. § 1681. The closest state analog to this in Oregon is Oregon Revised Statute (ORS) § 659.850, which prohibits discrimination based on sex by any higher education

3-    DEFENDANT'S MOTION FOR SUMMARY
      JUDGMENT

institution or program that is financed in whole or in part by state funds. Both ORS § 659.850 and

Title IX prevent discrimination based on sex by educational institutions that receive public funds.

In other words, the two statutes protect against the same type of harm: unlawful discrimination

based on sex. That is the exact harm alleged in the present case.  The most appropriate state

statute of limitations should therefore be the one contained in ORS § 659.860, which provides a

one-year statute of limitations for sex-based discrimination claims arising under ORS § 659.850.

*See* ORS § 659.860(2).

The University acknowledges that in some prior cases courts have adopted the two-year

limitations period that applies to personal injury claims.  *See e.g., Stanley v. Trustees of*

*California State Univ.*, 433 F.3d 1129, 1134-36 (9th Cir. 2006). The University also

acknowledges that this very Court, in *Samuelson v. Oregon State University*, 162 F. Supp. 3d

1123, 1134 (D. Or. 2016), *aff'd*, 725 F. App'x 598 (9th Cir. 2018), ruled that Oregon's regular

two-year personal injury statute of limitations, found at ORS § 12.110, applied to Title IX claims

brought against Oregon State University. And we concede that Oregon State University is the

same type of institution as the University of Oregon for statute of limitations purposes.

However, we request that the Court find that the one-year limitations period in ORS §

659.860 is the most applicable state limitations periods for the type of claims alleged in this case

for the following reasons.

First, in *Samuelson,* Oregon State University did not argue that ORS § 659.860's one-

year limitations period for sex-based discrimination claims is the most analogous limitations

period for Title IX claims. Thus, this Court had no opportunity to address that question.  And "it

is axiomatic that a case cannot stand for a proposition that it did not address." *Fisk v. Bd. of Trs.*

*of Cal. State Univ.*, No. 22-CV-173, 2023 WL 2919317, at *9 (S.D. Cal. Apr. 12, 2023). But as

4-    DEFENDANT'S MOTION FOR SUMMARY
       JUDGMENT

explained above, "the nature of the harm alleged," *Stanley*, 433 F.3d at 1135, for Title IX claims

and claims brought under ORS § 659.850 is virtually identical. Thus, if the "essential inquiry"

when determining the most appropriate state limitations period is a comparison of "the nature of

the harm alleged," and if Title IX and ORS § 659.850 guard against the same type of harm

(discrimination based on sex), then ORS § 659.860's one-year limitations period should apply to

the claims alleged in this case.

By contrast, Oregon's regular two-year personal injury statute of limitations does not

even mention discrimination, sex, higher education, or public funding. *See* ORS § 12.110. And

the harms at issue in ORS § 12.110 are "injury to the person or rights of another, not arising on

contract," and, even more broadly, any harm "not especially enumerated in this chapter." *Id.* at

12.110(1). While this could be liberally construed to encompass the harm alleged in the

Complaint, the more specific *nature of the harm* alleged is better captured by ORS § 659.850,

which mirrors Title IX's protections.

Second, while it is true that the *Stanley* Court rejected the defendants' challenge to a

longer California personal injury statute of limitations, the defendants' argument there was based

merely on its identity as a public institution, rather than the type of claim or harm alleged. In

California, broadly speaking, there were limitations periods for personal injury claims, contract

claims, property claims, and claims against government agencies. The court declined to adopt the

limitations period for claims against government agencies, contained in California Government

Code § 945.6, which made no mention of discrimination or protected status and had varying

lengths depending on whether the public entity provided notice, because "the federal interests in

uniformity, certainty, and the minimization of unnecessary litigation all support the use of a

single statute of limitations within each state." *Stanley*, 433 F.3d at 1135 (quotation marks and

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

citation omitted). Rather, the court looked to the more substantively similar statute of limitations, that which applied to personal injury claims, explaining "[t]he essential inquiry for statute of limitations 'borrowing' is the nature of the harm alleged, not the identity of the named defendant." *Id*. Applying this reasoning within Oregon, the most substantively similar statute is ORS § 659.850, which addresses the same nature of the harm alleged—discrimination in education programs based on sex—as Title IX. Thus, using the same one-year limitations period for Title IX claims and claims brought under Oregon's Title IX analog (ORS § 659.850) would promote consistency and reduce confusion by ensuring that all such claims have the same one-year statute of limitations.

In sum, under the inquiry provided by the Ninth Circuit in *Stanley*, the Court should hold that: (1) the harm alleged in this case is that the University discriminated against the Plaintiffs based on sex; (2) both Title IX and its Oregon's Title IX analog (ORS § 659.850) guard against that exact type of harm, and (3) therefore, the one-year limitations period for claims brought under ORS § 659.850, ORS 659.860(2), is the most appropriate state statute of limitations period to borrow for this case.

### C.    In the alternative, the Court should find that Oregon's two-year personal injury statute of limitations applies to this case.

As noted above, the Ninth Circuit has held that state statute of limitations for personal injury claims are the most analogous for Title IX purposes. *Stanley*, 433 F.3d at 1135–36 ("[W]e join every other federal circuit to consider this issue and hold that Title IX claims are subject to the applicable state statute of limitations for personal injury actions."). Oregon applies a two-year statute of limitations to personal injury claims. ORS § 12.110(1); *Samuelson*, 162 F. Supp. 3d at 1134–35. Accordingly, if the Court declines to find that the most appropriate state statute of limitations is the one-year limitations period in ORS § 659.860(2), the Court should follow its previous decision in *Samuelson* and hold that the applicable limitations period is two years. *Id*.

6-    DEFENDANT'S MOTION FOR SUMMARY
      JUDGMENT

**D.      Each Plaintiff had notice when she came to campus and began participating in her sport of the alleged injury that forms the basis of her claims, so the statute of limitations period runs from that date at the latest.**

"Although Title IX borrows a state statute of limitations period, federal law governs the 'determination of the point at which the limitations period begins to run.'" *Stanley*, 433 F.3d at 1136 (citing *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). "[T]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id*. (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)). "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979). A court may dismiss a plaintiffs' claims when "the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

In *Cole v. Montana University System*, No. CV-21-88-M, 2023 WL 6992812 (D. Mont. Oct. 23, 2023) the court held that the Title IX claims of two Plaintiffs were barred by the statute of limitations. The first Plaintiff, Berkhouse, alleged she was denied a disability accommodation and the university that employed her terminated her position with little notice. *Id*. at *1. Berkhouse had stopped working at the University in 2014 and the litigation was filed in 2021—outside of Montana's three-year statute of limitations. *Id*. at *2. The second Plaintiff, Babcock, alleged that she experienced a hostile and discriminatory culture and environment during her employment as the head cross country coach and assistant track coach. *Id*. at *3. The court found that Babcock knew or had reason to know of her Title IX injury by at least 2013—the year her contract was not renewed. *Id*. This was due to emails that Babcock had sent as well as her deposition testimony that revealed she knew of her injury by at least 2013 and the last day of her employment. *Id*.

In this case, if the Court adopts Oregon's one-year statute of limitations, all claims

7-   DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT

brought by all of the Plaintiffs are time-barred and the Court should grant summary judgment for the University. If the Court adopts the two-year statute of limitations, then claims brought by 21 of the Plaintiffs are time-barred and the Court should grant partial summary judgment for the University.

It is apparent on the face of the Complaint when each Plaintiff began playing their respective sport at the University and there are no questions of material fact. Plaintiffs all knew or should have known of their alleged injuries when they started on campus as members of their respective sports like the plaintiffs in *Cole* knew or should have known about their injuries at the time they were terminated. Indeed, paragraphs 205 and 268 of Plaintiff's Complaint specifically allege that at least some Plaintiffs met with Oregon's senior women's administrator, Lisa Peterson, to voice their concerns during the 2021-22 school year.  *See* Compl. ¶ 205 and ¶ 268. But no Complaint was filed until December of 2023.

**2017.** Josie Cole alleges that she joined the women's beach volleyball team in the 2017–18 season. Compl. ¶ 248. Under Oregon's two-year statute of limitations period, the latest Ms. Cole could bring a claim for the injuries alleged in the Complaint would have been the fall of 2019. Accordingly, all of Ms. Cole's claims are barred by both the two-year and one-year statute of limitations.

**2018.** Carly Wallace and Alexandra Haden allege that they joined the women's beach volleyball team in the 2018–19 season. Compl. ¶¶ 207, 242. Under Oregon's two year-statute of limitations period, the latest Ms. Wallace and Ms. Haden could bring a claim for the injuries alleged in the Complaint would have been the fall of 2020. Accordingly, all of Ms. Wallace's and Ms. Haden's claims are barred by both the two-year and one-year statute of limitations.

**2019.** Alexandra Laita, Batia Rotshtein, Zoe Almanza, Beatrice Wetton, Mia Lopez, Savannah Siegrist, Anastasia Lima, and Madelyn LaFollette allege that they joined the women's beach volleyball team in the 2019–20 season. Compl. ¶¶ 154, 161, 171, 185, 193, 214, 222, 235. Under Oregon's two year-statute of limitations period, the latest Ms. Laita, Ms. Rotshtein, Ms.

8-    DEFENDANT'S MOTION FOR SUMMARY
      JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Almanza, Ms. Wetton, Ms. Lopez, Ms. Siegrist, Ms. Lima, and Ms. Lafollette could bring a claim for the injuries alleged in the Complaint would have been the fall of 2021. Accordingly, all of these Plaintiffs' claims are barred under both the two-year and one-year statute of limitations.

**2020.** Ashley Schroeder, Dahlia McAlister, Abigail Plevin, Delaney Hopen, Alaina Thomas, and Vivian Donovan all allege in the Complaint that they were members of the beach volleyball team starting in the 2020–21 season. Compl. ¶¶ 71, 110, 129, 198, 263, 272. Under Oregon's two year-statute of limitations period, the latest Ms. Schroeder, Ms. McAlister, Ms. Plevin, Ms. Hopen, Ms. Thomas, and Ms. Donovan could bring a claim for the injuries alleged in the Complaint would have been the fall of 2022 Accordingly, all of these Plaintiffs' claims are barred by both the two-year and one-year statute of limitations.

**2021.** Valerie Peterson, Ella Tyus, and Jade Bernal all allege in the Complaint that they were members of the beach volleyball team starting in the 2021–22 season. Compl. ¶¶ 136, 142, 279. Under Oregon's two-year statute of limitations period, the latest Ms. Peterson, Ms. Tyus, and Ms. Bernal could bring a claim for the injuries alleged in the Complaint would have been September 27, 2023, because the 2021 fall term began on September 27, 2021.[1] The Complaint was filed just outside of the two-year statute of limitation for these Plaintiffs—on December 1, 2023. Compl. at 115. Accordingly, all of these Plaintiffs' claims are barred by both the two-year and one-year statute of limitations.

Elise Haverland alleges that she was a member of the women's club rowing team starting in the 2021–22 season. Compl. ¶ 294. Accordingly, her claims are also barred by both the two-year and one-year statute of limitations.

**2022.** Kendall Clark, Halli Fields, Natasha George, Josie Griffiths, Presley McCaskill,

---

[1] University of Oregon, 5-Year Academic Calendar, https://registrar.uoregon.edu/calendars/academic/five-year. The University requests that the Court take judicial notice of this fact because it is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

and Siulolovao Folau all allege in the Complaint that they were members of the beach volleyball team starting in the 2022–23 season. Compl. ¶¶ 84, 89, 95, 104, 121, 148. If the Court adopts the one-year statute of limitations, the latest these Plaintiffs could have brought their claims would have been September 26, 2023, because the 2022 fall term began September 27, 2022. However, if the Court adopts the two-year statute of limitations, these Plaintiffs can bring their claims.

River Ribero, Sophia Schmitz, Sydney Weddle, Claire Daley, and Anna Maria Knight allege that they were members of the women's club rowing team starting in the 2022–23 season. Compl. ¶¶ 303, 309, 317, 323, 331. If the Court adopts the one-year statute of limitations, the latest these Plaintiffs could have brought their claims would have been September 26, 2023, because the 2022 fall term began September 27, 2022. However, if the Court adopts the two-year statute of limitations, these Plaintiffs can bring their claims.[2]

## CONCLUSION

For the reasons above, the University respectfully requests that the Court adopt Oregon's one-year statute of limitations, grant the motion for summary judgment on the statute of limitations grounds, and dismiss all of Plaintiffs' claims. Alternatively, the University requests that the Court adopt the two-year statute of limitations, grant the motion for partial summary judgment on statute of limitations grounds, and dismiss the 21 Plaintiffs whose claims fall outside of the two-year statute of limitations period.

///

///

///

///

///

///

---

[2] Any rowing plaintiff who enrolled at UO prior to December 1, 2022 (for one-year SOL) or September 26, 2021 (for two-year SOL) are time barred from bringing the Count III accommodations claim.

10- DEFENDANT'S MOTION FOR SUMMARY
    JUDGMENT

DATED:  July 3, 2024.

**PERKINS COIE LLP**


By:*/s/ Stephen F. English*

    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Sarah J. Crooks, OSB No. 971512
    SCrooks@perkinscoie.com
    Adrianna Simonelli, OSB No. 222481
    ASimonelli@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000


*Attorneys for Defendant University of Oregon*

11- DEFENDANT'S MOTION FOR SUMMARY
    JUDGMENT