Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Adrianna Simonelli, OSB No. 222481
ASimonelli@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant University of Oregon*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, KENDALL CLARK, HALLI FIELDS, NATASHA GEORGE, JOSIE GRIFFITHS, JADE BERNAL, DAHLIA MCALLISTER, PRESLEY MCCASKILL, ABIGAIL PLEVIN, VALERIE PETERSON, ELLA TYUS, SIULOLOVAO FOLAU, ALEX LAITA, BATIA ROTSHTEIN, ZOE ALMANZA, BEATRICE WETTON, MIA LOPEZ, DELANEY HOPEN, CARLY WALLACE, SAVANNAH SIEGRIST, ANASTASIA LIMA, MADELYN LAFOLLETTE, ALEXANDRA HADEN, JOSIE COLE, ALAINA THOMAS, VIVIAN DONOVAN, ELISE HAVERLAND, RIVER RIBEIRO, SOPHIA SCHMITZ, SYDNEY WEDDLE, CLAIRE DALEY and ANNA MARIA KNIGHT, Individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF OREGON,<br><br>Defendant. | Case No. 6:23-cv-01806-MC<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(1) Request for Oral Argument** |

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF LAW ................................................................................................................ 2

I.      Introduction. ............................................................................................................................ 2

II.     Factual Background. ............................................................................................................... 2

III.    Legal Standard. ....................................................................................................................... 4

IV.    Argument ................................................................................................................................ 5

        A.     The Beach Volleyball Plaintiffs cannot seek compensatory damages for a financial aid claim. ............................................................................................. 5

        B.     Sixteen of the Beach Volleyball Plaintiffs who were not enrolled student-athletes at the time the Complaint was filed lack standing to seek declaratory and injunctive relief on Counts I and II. ............................................. 9

        C.     Sixteen of the Beach Volleyball Plaintiffs' treatment and benefits and financial aid claims must be dismissed as moot. .................................................. 11

CONCLUSION .................................................................................................................................. 12

i-   TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Sandoval*,
    532 U.S. 275 (2001) .................................................................................................................5

*Balow v. Mich. State Univ.*,
    24 F.4th 1051 (6th Cir. 2022) ...................................................................................................6

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) (en banc) ...............................................................................9, 10

*Bayer v. Neiman Marcus Grp., Inc.*,
    861 F.3d 853 (9th Cir. 2017) ....................................................................................................4

*Beasley v. Ala. State Univ.*,
    966 F. Supp. 1117 (M.D. Ala. 1997) ........................................................................................6

*Boucher v. Syracuse Univ.*,
    164 F.3d 113 (2d Cir. 1999) ...................................................................................................11

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
    654 F.3d 975 (9th Cir. 2011) ..................................................................................................11

*Cole v. Oroville Union High Sch. Dist.*,
    228 F.3d 1092 (9th Cir. 2000) ................................................................................................11

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
    596 U.S. 212 (2022) ........................................................................................................ passim

*Foster v. Carson*,
    347 F.3d 742 (9th Cir. 2003) ................................................................................................4, 5

*Grandson v. Univ. of Minn.*,
    272 F.3d 568 (8th Cir. 2001) ..................................................................................................11

*In re Apple iPhone Antitrust Litig.*,
    846 F.3d 313 (9th Cir. 2017) ....................................................................................................4

*Krottner v. Starbucks Corp.*,
    628 F.3d 1139 (9th Cir. 2010) ..................................................................................................4

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..............................................................................................................5, 8

ii-   TABLE OF AUTHORITIES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# TABLE OF AUTHORITIES (continued)

Page(s)

*Lund v. Cowan*,
    5 F.4th 964 (9th Cir. 2021) ...............................................................................................5

*M.S. v. Brown*,
    902 F.3d 1076 (9th Cir. 2018) ...........................................................................................5

*Mayerova v. E. Mich. Univ.*,
    No. 19-1177, 2019 U.S. App. LEXIS 9373 (6th Cir. Mar. 28, 2019) ................................6

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) .........................................................................................................10

*Oklevueha Native Am. Church of Haw., Inc. v. Holder*,
    676 F.3d 829 (9th Cir. 2012) ............................................................................................4

*Ollier v. Sweetwater Union High Sch. Dist.*,
    858 F. Supp. 2d 1093 (S.D. Cal. 2012) ............................................................................6

*Pederson v. Louisiana State University*,
    213 F.3d 858 (5th Cir. 2000) .....................................................................................10, 11

*Portz v. St. Cloud State Univ.*,
    401 F. Supp. 3d 834 (D. Minn. 2019), *aff'd in part, vacated in part, rev'd in part*, 16 F.4th 577 (8th Cir. 2021) ...................................................................................5

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ..........................................................................................................4

*Thomas v. Anchorage Equal Rts. Comm'n*,
    220 F.3d 1134 (9th Cir. 2000) (en banc) .........................................................................4

**RULES**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................................1, 4

Fed. R. Civ. P. 12(h)(3) ..............................................................................................................4

LR 7-1 .........................................................................................................................................1

iii-   TABLE OF AUTHORITIES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## LR 7-1 CERTIFICATION

In compliance with LR 7-1, counsel for the University of Oregon certifies that they conferred in good faith via telephone conference with Plaintiffs' counsel regarding each defense that is the subject of this motion. During this meet and confer, Plaintiffs' counsel confirmed that Plaintiffs were not seeking damages relating to emotional distress or psychological harm, but the parties were otherwise unable to resolve the disputes at issue in this motion.

## MOTION

The University of Oregon (University) moves for dismissal under Fed. R. Civ. P. 12(b)(1) of Count I in part for lack of standing and Count II in full for lack of standing and mootness.

First, the Beach Volleyball Plaintiffs' equal treatment and athletic financial assistance claims alleged in Counts I and II must be dismissed on standing grounds because they cannot be redressed through money damages. That is so because Plaintiffs base their damages claim on an overall, generalized imbalance of financial aid available for men's and women's sports. Since Title IX became the law more than 50 years ago, no court has ever awarded compensatory damages on these types of Title IX claims. And the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) forecloses Plaintiffs' ability to recover emotional distress and other damages Plaintiffs seek that are not traditionally available for breach of contract claims; in other words, only traditional contract damages are available for actions brought under statutes like Title IX that were enacted under Article I, Section 8, Clause 1 of the U.S. Constituion (Spending Clause).

Second, all Beach Volleyball Plaintiffs who graduated or left the University or otherwise stopped participating as a member of the beach volleyball team prior to the filing of the

1- DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Complaint lack standing to pursue declaratory or injunctive relief on their equal treatment and athletic financial assistance claims under Counts I and II and should be dismissed. Courts addressing similar claims have consistently held that plaintiffs must be current student-athletes to seek equitable relief on these types of Title IX claims. Since declaratory or injunctive relief on Counts I and II could not benefit Beach Volleyball Plaintiffs who are no longer competing for the University, they lack standing to pursue such relief. Further, the equitable claims for all Beach Volleyball Plaintiffs who left the University after the Complaint was filed are moot for the same reason.

## MEMORANDUM OF LAW

### I.   Introduction.

Plaintiffs—26 current and former members of the women's varsity beach volleyball team (the Beach Volleyball Plaintiffs) and six current members of the women's club rowing team (the Club Rowing Plaintiffs)—allege Title IX violations relating to athletics participation, treatment and benefits against the University of Oregon. Plaintiffs' Complaint suffers facial deficiencies that require a winnowing of this litigation to all but a few of Plaintiffs' claims.

### II.  Factual Background.

For background, please see the University's Motion for Judgment on the Pleadings found at ECF 26. Plaintiffs' Complaint alleges three counts—however, only Counts I and II are relevant to this Motion.

**Count I.** The Beach Volleyball Plaintiffs bring, on behalf of themselves and a putative class, claims under Title IX for unequal treatment and benefits. Compl. ¶¶ 595–603. They allege that "Defendant fails to provide female varsity student-athletes with treatment and benefits equal to those they provide to male varsity student-athletes. This failure constitutes sex discrimination

2-   DEFENDANT'S MOTION TO DISMISS FOR LACK
     OF SUBJECT MATTER JURISDICTION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

in violation of Title IX." *Id*. ¶ 599. Plaintiffs further allege that the harm suffered "includes lost educational opportunities, lost competitive advantage, less quality in participation opportunities, being subjected to sex discrimination, and the degrading and stigmatizing effects of that treatment." *Id*. ¶ 602.

**Count II.** The Beach Volleyball Plaintiffs bring, again on behalf of themselves and a putative class, claims under Title IX for unequal athletic financial aid. Compl. ¶¶ 604–610. They allege that the University "has not provided and does not provide athletic financial aid to its female and male student athletes in proportion to the number of students of each sex participating in intercollegiate athletics." *Id*. ¶ 608. Plaintiffs further allege that the harm suffered includes "lost educational opportunities, lost financial assistance, and lost quality in participation opportunities, in addition to the harm of being subjected to sex discrimination and its stigmatizing effects." *Id*. ¶ 609.

**Relief Sought.** Plaintiffs seek (1) the certification of a class action for each of their claims, (2) declaratory relief stating that Oregon is discriminating against its current female varsity student-athletes on the basis of their sex by depriving them of equal treatment and benefits, equal athletic financial aid, and equal opportunities to participate in intercollegiate athletics in violation of Title IX, (3) a permanent injunction barring the University from discriminating against female student-athletes, (4) compensatory and nominal damages as well as other monetary relief permitted by law, (5) for the Court to maintain jurisdiction over this action to monitor the University's compliance with any of the Court's orders, and (6) for the Court to appoint Plaintiffs' counsel as class counsel and award reasonable attorney's fees and expenses. Compl. at 114–15.

3-   DEFENDANT'S MOTION TO DISMISS FOR LACK
     OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

### III. Legal Standard.

"A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, including for failure to allege injury sufficient for Article III standing, may be made at any time." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017). And "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) (citing U.S. Const. art. III, § 2). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (citing U.S. Const. art. III).

To satisfy Article III's standing requirements, Plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party asserting federal jurisdiction bears the burden of establishing these requirements at every stage of the litigation, as it does for 'any other essential element of the case.'" *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010) (internal citation omitted).

Additionally, like standing, "[m]ootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal citation omitted). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017)

4- DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

(internal citation omitted). Therefore, "[i]f there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster*, 347 F.3d at 745 (internal citation omitted). "[S]peculative suppositions, far-fetched fears, or remote possibilities of recurrence cannot overcome mootness." *Lund v. Cowan*, 5 F.4th 964, 968–69 (9th Cir. 2021).

IV.  **Argument**

    A.  **The Beach Volleyball Plaintiffs cannot seek compensatory damages for a financial aid claim.**

Plaintiffs' financial aid claim fails for want of redressability. To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal citation omitted). "If, however, a favorable judicial decision would not require the defendant to redress the plaintiff's claimed injury, the plaintiff cannot demonstrate redressability." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).

Since Title IX's enactment in 1972, no court has ever extended its implied right of action to allow plaintiffs to recover monetary damages based on an overall, generalized imbalance in scholarships provided to male and female student-athletes. This is not surprising, since a court's role "is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *see also Cummings*, 596 U.S. at 230–31 (Kavanaugh, J., concurring) ("[W]ith respect to existing implied causes of action, Congress, not this Court, should extend those implied causes of action and expand available remedies.").

Thus, to the extent the Beach Volleyball Plaintiffs can establish standing, all they could be entitled to is prospective injunctive relief. *See, e.g., Portz v. St. Cloud State Univ.*, 401 F.

5-  DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Supp. 3d 834, 870 (D. Minn. 2019), *aff'd in part, vacated in part, rev'd in part*, 16 F.4th 577 (8th Cir. 2021) (following bench trial, granting permanent injunction upon a finding of a Title IX violation); *Ollier v. Sweetwater Union High Sch. Dist.*, 858 F. Supp. 2d 1093, 1116 (S.D. Cal. 2012) (same ). That approach makes sense, as awarding damages for "lost" scholarships would effectively require the Court to act as a de facto coach or athletic director (which courts will not do) by allocating scholarship dollars to particular student-athletes or groups of student-athletes. *See, e.g.*, *Mayerova v. E. Mich. Univ.*, No. 19-1177, 2019 U.S. App. LEXIS 9373, at *4 (6th Cir. Mar. 28, 2019) (staying district court order requiring reinstatement of women's tennis and softball teams and concluding that if a court finds a Title IX violation, it "can and should insist that the university prepare a Title IX-compliant proposal"); *Balow v. Mich. State Univ.*, 24 F.4th 1051, 1061 (6th Cir. 2022) (recognizing that "a school may be 'entitled to determine its own method for achieving statutory compliance'") (internal citation omitted). This approach is also consistent with that taken by the U.S. Department of Education's Office for Civil Rights ("OCR"), the agency that administratively enforces Title IX, which has likewise never awarded retrospective scholarship dollars following an investigation into allegations that a school failed to comply with Title IX regarding the allocation of athletic financial aid. Logically, since "Title IX directly affords . . . no individual right to a scholarship," *Beasley v. Ala. State Univ.*, 966 F. Supp. 1117, 1126 (M.D. Ala. 1997), there would be no basis for awarding damages to any individual student-athlete.

      The Supreme Court's recent decision in *Cummings* confirms that conclusion. As the Court explained, because Spending Clause legislation operates based on contractual consent, Congress's power to enact such laws rests on the recipient's knowing and voluntary acceptance of the contract. 596 U.S. at 225–26 (2022). The Court made clear that a particular remedy is

6-   DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

appropriate in a private Spending Clause action, such as under Title IX, "'only if the funding recipient is on notice that, by accepting federal funding, it exposes itself to liability of that nature.'" *Id.* at 220 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)) (emphasis in original). Integral to this reasoning was the holding that emotional distress damages are not available under Spending Clause statutes because such damages are not normally available for contract actions. *Id.* at 221. Here, there is no contract law basis for awarding legally unprecedented monetary damages to the Beach Volleyball Plaintiffs based on an average harm or lost opportunity theory, particularly when no Plaintiff can assert a particular lost scholarship to which she had a legal right in the first place.

Alternatively, if the Court finds that Plaintiffs can seek compensatory damages, then the Court should limit the amount of damages available for Plaintiffs to recover to the six scholarships allowed by the NCAA for the sport. The Beach Volleyball Plaintiffs allege in Count II of the Complaint that the University "has not provided and does not provide athletic financial aid to its female varsity student-athletes in proportion to their athletic participation rate[.]" Compl. ¶ 533. Citing the University's Equity in Athletics Disclosure Act data, Plaintiffs insert a chart they created that allegedly shows a disparity in athletic financial aid awarded to male versus female student-athletes from the 2013-2014 through 2021-2022 academic years. *Id.* ¶ 535. Plaintiffs allege that based on that data the University somehow owes $832,470 or $3,343.24 for each of the 249 female student athletes in 2021–22, and similar amounts in other years. *Id.* ¶¶ 537–542. Plaintiffs then conclude that "[i]f financial aid were distributed in accordance with Title IX . . . female student-athletes who received no or partial scholarships in each of these years would have received additional aid." *Id.* ¶ 545.

The Beach Volleyball Plaintiffs also allege that each was "denied the opportunity to

7-   DEFENDANT'S MOTION TO DISMISS FOR LACK
      OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

compete for and receive equal athletic financial aid," "confront[ed] a sex-based barrier to receiving financial aid," "received a smaller financial aid award," and "endure[d] degrading and stigmatizing second-class treatment." *Id*. ¶ 62.

But these arguments fail to recognize that the NCAA limits the number of scholarships that may be awarded for each sport. It is undisputed that "NCAA rules place a maximum on the number of full grant-in-aid athletic scholarships ('full athletic scholarship') that Oregon can award to student-athletes on its men's and women's varsity teams." *Id*. ¶ 39. "A full grant-in-aid scholarship includes tuition and fees, room and board, books, and other expenses related to attendance at the institution up to the cost of attendance." *Id*. ¶ 40. "The 'cost of attendance' at Oregon in the 2023-24 academic year is $35,721 for students that are Oregon residents ('in-state' students) and $64,302 for students that are nonresidents ('out-of-state' students). In the 2022-23 academic year the cost of attendance for resident students was $33,639 and $61,275 for nonresident students." *Id*. ¶ 41. It is also undisputed that the University provides the maximum number of scholarships allowed by NCAA rules in each of its other Division I varsity teams. Answer ¶ 16, 33. Thus, the only available scholarship monies for which any named plaintiff (or putative class member) could compete are the six allowable beach volleyball scholarships.

If the University were to offer more than the six scholarships allowed by the NCAA, then its student-athletes would be barred from competing due to violating the NCAA rules. Accordingly, for standing purposes, any recovery on Claim II beyond the six scholarships allowable under NCAA rules for beach volleyball players is precluded by operation of the NCAA bylaws. The causation element of standing demands that the injury be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560–61 (internal quotation

8- DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

marks and citation omitted). These allegations are insufficient to show an injury in fact, and to adequately plead standing, as a matter of law.[1, 2]

        **B.    Sixteen of the Beach Volleyball Plaintiffs who were not enrolled student-athletes at the time the Complaint was filed lack standing to seek declaratory and injunctive relief on Counts I and II.**

The Beach Volleyball Plaintiffs have a second redressability problem: all sixteen of the Beach Volleyball Plaintiffs who were not enrolled as a student-athlete participating on a varsity athletic team when the Complaint was filed lack standing to seek declaratory or injunctive relief.[3]

These Plaintiffs lack standing to bring a claim for equitable relief for allegedly unequal athletic treatment and benefits under Title IX because any such relief would not benefit or impact them. To demonstrate standing for injunctive relief, "[t]he plaintiff must demonstrate that [s]he has suffered or is threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that [s]he will again be wronged in a similar way," *i.e.*, that there is a "real and immediate threat of repeated injury." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (internal citations omitted). "Past wrongs do not in themselves amount

---

[1] During a meet and confer held on July 3, 2024, Plaintiffs' counsel conceded that they are not seeking damages for psychological or emotional harm on behalf of any of the Plaintiffs because this category of damages is foreclosed by *Cummings*. 596 U.S. at 230 (holding emotional distress damages to be unavailable under Spending Clause antidiscrimination statutes).

[2] Based on the Complaint, only the Beach Volleyball Plaintiffs seek damages. The Rowing Plaintiffs do not seek damages. *See* Compl. ¶ 3 (alleging damages only as to equal treatment and athletic financial aid); Compl. ¶ 578 (seeking only declaratory and injunctive relief class as to Rowing Plaintiffs)). Regardless, the same analysis in this section would bar any later pleaded claims for emotional distress damages by the Rowing Plaintiffs.

[3] Josie Cole, Madelyn LaFollette, Savannah Siegrist, Alexandra Haden, Carly Wallace, Delaney Hopen, Mia Lopez, Beatrice Wetton, Anastasia Lima, Abigail Plevin, and Batia Rotshtein have all graduated from the University prior to the filing of the Complaint. Answer ¶¶ 247, 235, 213, 241, 206, 197, 192, 184, 221, 128, 160. Zoe Almanza, Jade Bernal, Vivian Donovan, Alaina Thomas, and Ella Tyus all unenrolled at the University prior to the filing of the Complaint. Answer ¶¶ 170, 279, 271, 262, 141.

9-    DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

to a real and immediate threat of injury necessary to make out a case or controversy," and "the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Id.* (cleaned up). As to declaratory relief, to create a real case or controversy, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (cleaned up).

Multiple courts have concluded that plaintiffs who are not currently members of existing varsity intercollegiate athletic teams lack standing to bring claims seeking equitable relief. In *Pederson v. Louisiana State University*, 213 F.3d 858, 872 (5th Cir. 2000), three female undergraduate students sought to bring a treatment and benefits claim against the university relating to the treatment of women's varsity basketball, volleyball, track, tennis, golf, gymnastics, and swimming. The Fifth Circuit concluded that the plaintiffs "lack[ed] standing to challenge the alleged unequal treatment of varsity athletes at LSU," because, "[a]t the time of trial, no named plaintiff was a member of a varsity team." *Id.* In reaching that conclusion, the Fifth Circuit found:

> If plaintiffs cannot show personal injury, then no Article III case or controversy exists, and a Federal Court is powerless to hear that grievance. The individual injury requirement is not met by alleging that injury has been suffered by other, unidentified members of the class to which the plaintiff belongs and which she purports to represent. Accordingly, a named plaintiff in a class action who cannot establish the requisite case or controversy between him or herself and the defendants simply cannot seek relief for anyone, not for herself, and not for any other member of the class. The treatment of participants in female varsity athletics has not impacted plaintiffs as they have not been female varsity athletes and therefore have not been discriminated against by any alleged treatment of LSU's female varsity athletes; therefore, a change in said treatment would not impact plaintiffs. Plaintiffs have personally suffered no injury or threatened injury due to

10- DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

> LSU's allegedly illegal treatment of its varsity athletes and as such fail the initial prong of the standing inquiry as to the claims for illegal treatment of athletes.

*Id.* at 872 n.14 (cleaned up).

Other courts have reached similar conclusions. *See, e.g.*, *Boucher v. Syracuse Univ.*, 164 F.3d 113, 116 (2d Cir. 1999) (affirming trial court's holding that, "since none of the named plaintiffs were varsity athletes, they did not have standing to assert the equal treatment claims"); *Grandson v. Univ. of Minn.*, 272 F.3d 568, 574 (8th Cir. 2001) (affirming determination that four individual plaintiffs lacked standing because they had either exhausted NCAA eligibility or were former students who had not played on varsity teams, and noting "[t]hat a plaintiff lacks eligibility or is no longer a student is an adequate basis to dismiss an individual Title IX claim for injunctive relief").

That same conclusion applies here—any hypothetical injunction or declaration impacting the University's allocation of financial aid or its provision of athletic treatment and benefits cannot and would not impact any person who is not an enrolled student-athlete. Since no declaratory or injunctive relief afforded by this Court on either Count I or II would inure to the benefit of these Plaintiffs as they are no longer enrolled student-athletes, their claims for equitable relief must be dismissed.

### C. Sixteen of the Beach Volleyball Plaintiffs' treatment and benefits and financial aid claims must be dismissed as moot.

"It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy." *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011); *see also Grandson*, 272 F.3d at 574–75 (dismissing Title IX claim of student who left school prior to graduation as moot).

11- DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Eleven of the Beach Volleyball Plaintiffs have graduated from the University since the Complaint was filed, thereby mooting their claims for declaratory and injunctive relief.[4] Five additional Plaintiffs are no longer enrolled at the University.[5]

Since these sixteen Plaintiffs are no longer enrolled at the University, a prospective injunction directing the University's allocation of athletic financial assistance would simply have no effect on them or the financial aid they received or did not receive while they were students. The same is true of an injunction or declaration affecting athletic treatment and benefits. Their respective claims for declaratory and injunctive relief are therefore now moot, even if they initially had standing to bring them.

## CONCLUSION

For the foregoing reasons, the University requests that the Court dismiss Count I in part for lack of standing and Count II in full for lack of standing and mootness.

///

///

///

///

///

///

///

---

[4] Josie Cole, Madelyn LaFollette, Savannah Siegrist, Alexandra Haden, Carly Wallace, Delaney Hopen, Mia Lopez, Beatrice Wetton, Anastasia Lima, Abigail Plevin, and Batia Rotshtein have all graduated from the University. Answer ¶¶ 247, 235, 213, 241, 206, 197, 192, 184, 221, 128, 160.

[5] Zoe Almanza, Jade Bernal, Vivian Donovan, Alaina Thomas, and Ella Tyus are not enrolled at the University. Answer ¶¶ 170, 279, 271, 262, 141.

12- DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

DATED:  July 5, 2024.                                    **PERKINS COIE LLP**

                                                                By: */s/ Stephen F. English*
                                                                         Stephen F. English, OSB No. 730843
                                                                         SEnglish@perkinscoie.com
                                                                         Sarah J. Crooks, OSB No. 971512
                                                                         SCrooks@perkinscoie.com
                                                                         Adrianna Simonelli, OSB No. 222481
                                                                         ASimonelli@perkinscoie.com
                                                                         1120 N.W. Couch Street, Tenth Floor
                                                                         Portland, Oregon 97209-4128
                                                                         Telephone: +1.503.727.2000

                                               *Attorneys for Defendant University of Oregon*

13- DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION