Jennifer J. Middleton (OSB No. 071510)
jmiddleton@justicelawyers.com
**JOHNSON JOHNSON LUCAS & MIDDLETON PC**
975 Oak St., Ste. 1050
Eugene, OR 97401-3124
Tel: 541-484-2434

Arthur H. Bryant (*pro hac vice*)
abryant@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Tel: 213-788-4050

Michael Rubin (*pro hac vice*)
Eve H. Cervantez (*pro hac vice*)
Matthew J. Murray (*pro hac vice*)
mrubin@altshulerberzon.com
ecervantez@altshulerberzon.com
mmurray@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post St., Ste. 300
San Francisco, CA 94108-4733
Tel: 415-421-7151

[Additional counsel listed in signature block]

*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF OREGON, <br><br> Defendant. | Case No. 6:23-cv-01806-MC <br><br> **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant answer the following Interrogatories, under oath, within 30 days from the date of service.

## DEFINITIONS

1. "Athletic Financial Assistance" has the same meaning as used in A Policy Interpretation: Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413-23 (Dec. 11, 1979), available at https://www2.ed.gov/about/offices/list/ocr/docs/t9interp.html. As in 44 Fed. Reg. 71,415 (Dec. 11, 1979), "Athletic Financial Assistance" includes both grants and any non-grant assistance.

2. "Computer Systems" means any server (whether physical or virtual), desktop computer, laptop computer, tablet computer, mobile computing device, debit card or credit card terminal, payment processing system, smart phone, cellular telephone, corporate network, networking equipment, internet site, intranet site, and the software, programs, applications, scripts, operating systems, or databases used to control, access, store, add, delete, or modify any information stored on any of the foregoing list.

3. "Facilities" has the same meaning as used in A Policy Interpretation: Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413-23 (Dec. 11, 1979), and the Department of Education Office for Civil Rights' Title IX Athletics Investigator's Manual (1990).

4. "Participants" has the same meaning as used in A Policy Interpretation: Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413-23 (Dec. 11, 1979), and the Clarification of Intercollegiate Athletics Policy Guidance: The Three Part Test (Jan. 16, 1996).

5. "Relating to" means referring to, reflecting, responding to, commenting upon, recording, discussing, showing, describing, analyzing, constituting or in any way concerning.

6. "State with full particularity" means to recite all facts that Oregon and/or Oregon's counsel have obtained, have access to, and/or are aware of that refer or relate to the subject matter about which an interrogatory is being made, including:

    a) The source or sources of each stated fact;

    b) The date upon which Oregon obtained and/or became aware of each stated fact;

    c) All persons with knowledge of each stated fact, including their telephone number(s) and last known address(es);

    d) All communications referring or relating to each stated fact; and

    e) All documents referring or relating to each stated fact.

7. "Structured Data" means: "A set of data elements consisting of at least one file or of a group of integrated files, usually stored in one location and made available to several users. The collection of information is organized into a predefined formatted structure and usually organized into fields of data that comprise individual records that are further grouped into data tables." *The Sedona Conference Glossary: eDiscovery & Digital Information Management*, Fifth Edition, 21 SEDONA CONF. J. 263, 291 (2020).

8. "You," "Your," "Oregon," and "Defendant" means Defendant University of Oregon and any of its agents, employees, or representatives.

## RULES OF CONSTRUCTION

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    The use of the singular form of any word includes the plural and vice versa.

4.    "Including" means "including, but not limited to" and "including, without limitation."

## INSTRUCTIONS

1.    You are required to provide all information that is available to you, including information in the possession of your attorneys, agents, or others under your control and not merely information known by virtue of your own personal knowledge.

2.    If you claim any sort of privilege, whether based on statute or otherwise, as a ground for not answering, state the following: (a) the date of any such information; (b) the name, the present or last known home and business addresses, and the telephone numbers of those individuals who prepared, produced, reproduced, or were recipients of said information, or were a speaker of or listener to an oral communication; (c) a description of the subject matter sufficient to identify it without revealing the information for which the privilege is claimed; and (d) each and every fact or basis upon which you claim any such privilege.

3.    These interrogatories shall be deemed subject to the duty to supplement as set forth in the Federal Rules of Civil Procedure, and you shall be obligated to change, supplement, and correct your answers to conform to all available information, including such information as becomes available to you after your answers hereto are served.

4.    If you object to any portion or aspect of any interrogatory, provide all information responsive to the portion to which you do not object.

5.    Where an interrogatory asks for a date, an amount, or any other specific information, if the precise date, amount, or other specific information is unknown to you, please approximate the information requested as precisely as you are reasonably capable of doing and indicate that you have done so.

6.  Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be made indicating why only a partial answer is given.

## RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the following Requests refer to the beginning of the 2016-17 academic year through the present (the "Relevant Time Period").

## DOCUMENTS REQUESTED

**INTERROGATORY NO. 10**: For each academic year from the 2016-17 academic year through the present, state the number of (i) male and (ii) female Participants in Oregon's varsity intercollegiate athletic program.

**INTERROGATORY NO. 11**: For each academic year from the 2016-17 academic year through the present, state the total amount of Athletic Financial Assistance Oregon awarded to (i) male and (ii) female athletes in Oregon's varsity intercollegiate athletic program.

**INTERROGATORY NO. 12:** For each academic year from the 2016-17 academic year through the present, state the total amount of Athletic Financial Assistance Oregon awarded to athletes on each of Oregon's intercollegiate varsity teams.

**INTERROGATORY NO. 13**: For each academic year from the 2016-17 academic year to the present, identify and state with full particularity all legitimate, nondiscriminatory and/or sports-specific factors that explain any disparities in the amounts of Athletic Financial Assistance Oregon awarded to male and female athletes in Oregon's varsity intercollegiate athletic program.

**INTERROGATORY NO. 14**: Identify all Computer Systems with Structured Data relating to Oregon's Athletic Financial Assistance; Participants; or equipment, supplies, publicity, travel, or per diems for athletes in Oregon's varsity intercollegiate athletic program. For each Computer System, identify the time periods, and describe the purposes for which Oregon used that Computer System.

**INTERROGATORY NO. 15**: For each academic year from the 2016-17 academic year through the present, for each of Oregon's varsity intercollegiate athletic teams, identify all Facilities used by the team during the academic year, and for each team, identify the purposes for which that team used that Facility, including the Facilities used for:

a. Practice;

b. Competitions;

c. Weight, training, and/or conditioning;

d. Administrative and/or clerical staff;

e. Locker rooms;

f. Team lounges; and

g. Meeting rooms.

**INTERROGATORY NO. 16**: For each Facility identified in Response to Interrogatory No. 15, provide a complete description of the Facility, including by identifying:

a. The name of the Facility;

b. The age of the Facility;

c. The spectator capacity of the Facility;

d. The Facility's location;

e. Whether the Facility is shared amongst multiple teams and if so, which teams;

f. Whether the Facility is exclusively used by a single team and if so, which team;

g. Whether the Facility or any area within the Facility is not publicly accessible, and if so, which area(s);

h. Whether use of the Facility for practices requires preparation (*e.g.*, setting up fields or goal posts), and if so, the title and name of those who prepare the Facility;

i. Whether the Facility has lockers that are assigned to individual athletes;

j. Whether the Facility has a location for medical personnel available in locker room areas;

k. Whether the Facility has laundry machines;

l.  Whether the Facility has a public address system;

m.  The dimensions of the Facility;

n.  Whether the Facility has electronic scoreboards; and

o.  Whether the Facility has lighting for television coverage during practice or competitions.

Dated: December 10, 2024

Respectfully Submitted,

 /s/ Jennifer J. Middleton
Jennifer J. Middleton (OSB No. 071510)
jmiddleton@justicelawyers.com
**JOHNSON JOHNSON LUCAS & MIDDLETON PC**
975 Oak St., Ste. 1050
Eugene, OR 97401-3124
Tel: 541-484-2434

Michael Rubin (*pro hac vice*)
Eve H. Cervantez (*pro hac vice*)
Matthew J. Murray (*pro hac vice*)
mrubin@altshulerberzon.com
ecervantez@altshulerberzon.com
mmurray@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post St., Ste. 300
San Francisco, CA 94108-4733
Tel: 415-421-7151

Arthur H. Bryant (*pro hac vice*)
abryant@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
95 3rd St., 2nd Floor
San Francisco, CA 94103-3103
Tel: 213-788-4050

Carey Alexander (*pro hac vice*)
calexander@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
590 Madison Ave., 21st Floor
New York, NY 10022-8553
Tel: 646-290-6009

Neda Saghafi (*pro hac vice*)
nsaghafi@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy.
Malibu, CA 90265-5810
Tel: (213) 788-4050

*Attorneys for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I certify that on December 10, 2024, a true copy of the **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT** was served as indicated below:

| | |
|---|---|
| Sarah Crooks | [ ] U.S. Mail |
| Stephen English | [ ] Electronic Filing |
| PERKINS COIE LLP | [ x ] Email only |
| 1120 NW Couch 10th FL | [ ] Fax |
| Portland, OR 97209 | |
| scrooks@perkinscoie.com | |
| senglish@perkinsoie.com | |

Attorneys for Defendant

JOHNSON JOHNSON LUCAS & MIDDLETON, PC

*/s/ Jaclyn Hayes*

Jaclyn R. Hayes, Legal Assistant
541/484-2434
541/484-0882 fax
jhayes@justicelawyers.com

1- CERTIFICATE OF SERVICE

EXHIBIT 4
Page 9 of 9