IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, an individual, et al., | Case No. 6:23-cv-01806-MC |
| Plaintiffs, | **ORDER** |
| v. | |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

MCSHANE, Judge:

Before the Court is the parties' dispute as to whether Oregon Rule of Professional Conduct 4.2 prohibits Plaintiffs' counsel from interviewing ex parte Defendant's non-management employees.

Rule 4.2 provides that "[a] lawyer shall not communicate . . . on the subject of the representation with a person the lawyer knows to be represented by a lawyer on that subject." ORPC 4.2. Guidance from the Oregon State Bar provides that current employees are subject to Rule 4.2 only if (1) they are "part of corporate management or a corporate officer or director," or (2) their "conduct is at issue in the litigation." OSB Ethics Opinion 2005-80 (revised 2016).

The Court agrees with Plaintiffs that Plaintiffs' ex parte communications with Defendant's coaches, assistant coaches, student managers, nonmanagement staff, and volunteers will not constitute a violation of Rule 4.2. Counsel may interview those people ex parte because their conduct is not legally at issue in this case. Plaintiffs' Title IX claims are based on allegations of unequal treatment, benefits, financial aid, and participation caused by the conduct of director-level

1 – Order

employees who make resource allocation decisions. Accordingly, the conduct at issue is that of Defendant's directors and managers who set institutional priorities, distribute resources, and make decisions that affect both men's and women's teams at the university, not that of UO staff that operates based on those decisions.

Before interviewing any of Defendant's employees or volunteers, Plaintiffs' counsel must disclose: (1) their representative capacity; (2) their reason for the contact; (3) the individual's right to refuse to be interviewed; and (4) the individual's right to have their own counsel present. If the individual does not wish to be interviewed, the communication shall end. Statements gathered ex parte will be subject to hearsay rules and may not be used as evidence of an admission by Defendant. Plaintiffs' counsel is prohibited from contacting upper management who make funding, policy, and resource allocation decisions, including athletic directors. If lower management or coaches have been involved in relevant policy and funding decisions at issue in this litigation, Plaintiffs' counsel may not discuss or inquire about that conduct ex parte.

IT IS SO ORDERED.

DATED this 15th day of January 2025.

    __s/Michael J. McShane_____
    Michael J. McShane
    United States District Judge