UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSITY OF OREGON, <br><br> Defendant. | Case No. 6:23-cv-01806-MC <br><br> **STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations that Defendant the University of Oregon ("UO") violated Title IX. The parties expect to exchange documents and information relating to UO's athletics department and student records of both parties and non-parties.

In particular, Plaintiffs intend to serve discovery requests on Defendant in this litigation that seek third-party education records absent prior consent ("FERPA Protected Documents"). The Family Educational Rights and Privacy Act of 1974 ("FERPA") and its regulations state that prior consent of a student is not required to disclose information when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency[.]" 20 U.S.C. § 1232g(b)(2)(B). *See also* 34 CFR § 99.31(a)(9)(i), (ii).

The parties agree that FERPA protects disclosure of student's education records, but that this protection does not include information that would otherwise fall under the definition of "directory information." Directory information may include, *inter alia*, "the student's name; address; telephone listing; electronic mail address; photograph; date and place of birth; major field of study; grade level; enrollment status (e.g., undergraduate or graduate, full-time or part-time); dates of attendance; participation in officially recognized activities and sports; weight and height of members of athletic teams; degrees, honors, and awards received; and the most recent educational agency or institution attended." 34 C.F.R. § 99.3.[1]

---

[1] The University's policy can be found at the following URL link: https://registrar.uoregon.edu/privacy/directory-information.

-1- STIPULATED PROTECTIVE ORDER

The parties agree that FERPA Protected Documents may be designated "Confidential" under this Protective Order. The parties agree that documents containing solely directory information are not subject to this stipulation and should not be designated "Confidential," unless a given student has opted out of directory information disclosures.

Plaintiffs do not anticipate serving discovery requests on Defendant in this litigation that request information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")("HIPPA Protected Health Information") or the University of Oregon's policy on Confidentiality of Client/Patient Health Care and Survivors' Services Information (which has the force of law pursuant to Or. Rev. Stat. § 352.087(1)(m)) ("UO Health Care Confidentiality Policy").[2] However, the parties have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the production and use of Protected Healthcare Information and HIPPA Protected Health Information so that discovery is not unreasonably delayed if Plaintiffs do request such Protected Healthcare Information or HIPPA Protected Health Information during the course of this litigation.

UO's Health Care Confidentiality Policy protects "confidential student information obtain[ed] during the receipt of health care and/or survivor services" that is "personally identifiable to the client/patient at the time it is disclosed" ("Protected Healthcare Information"). UO's Health Care Confidentiality Policy requires UO to "notify the client/patient of" a request for Protected Healthcare Information, "inform the client/patient of their right to obtain independent legal advice, and release privileged information only in response to an order from a court or tribunal, a stipulated protective order that the client/patient has signed, or a written authorization from the client/patient." The parties agree that Protected Healthcare Information may be designated as "Attorneys' Eyes Only" under this Protective Order.

HIPPA permits a covered entity to disclose HIPPA Protected Health Information in response to a discovery request if the entity seeks a "qualified protective order" which permits use or disclosure of the HIPPA Protected Health Information only for purposes of that litigation

---

[2] The University's policy can be found at the following URL link: https://policies.uoregon.edu/III.05.02.

-2- STIPULATED PROTECTIVE ORDER

and requires return or destruction of the HIPPA Protected Health Information at the end of the litigation. 45 C.F.R. § 164.512. The Parties agree that this Stipulated Protective Order ("Protective Order") is a "Qualified Protective Order" under HIPPA. The parties agree that HIPPA Protected Health Information may be designated as "Attorneys' Eyes Only" under this Protective Order.

In addition to FERPA Protected Documents, Protected Healthcare Information, and HIPAA Protected Health Information, the parties agree that certain other documents are "confidential" and will be marked "confidential" in this litigation, including: (1) non-public faculty records protected by Or. Rev. Stat. § 352.226 and University of Oregon policies; (2) non-public information the disclosure of which would breach a legal or contractual obligation ("Other Confidential Information"); and (3) information that qualifies as trade secrets.

The parties agree that the entry of this Protective Order is warranted to protect against disclosure of FERPA Protected Documents, Protected Healthcare Information, HIPPA Protected Health Information, and Other Confidential Information.

Based upon the above stipulation of the parties, and the Court being duly advised,
IT IS HEREBY ORDERED:

1.  Before producing any FERPA Protected Documents or Protected Healthcare Information, Defendant will make reasonable efforts as required by FERPA, HIPPA, and University policy to notify the third-party students so that the third-party students may seek protective action. For the purposes of this Order, Defendant's reasonable efforts are satisfied if it provides advance notice to third-party students at their UO email address or last known mailing address within thirty (30) days of the receipt of the discovery request or thirty (30) days of this Court's Order, whichever is later. UO shall not produce any FERPA Protected Documents or Protected Healthcare Information unless (a) fourteen (14) days expires after the third-party student is sent notice and (b) the third-party student has not filed a motion for a protective order. If a third-party student files a motion for a protective order, FERPA Protected Documents and/or Protected Healthcare Information related to that third-party student shall not be produced until

the Court resolves that motion.

2.    If, in the course of discovery or other proceedings in this action, Defendant or Plaintiffs or any party to the litigation, or any third party, discloses or produces FERPA Protected Documents or Other Confidential Information, the producing entity may designate such material (documents, testimony, written responses, or other materials produced in this case) as "Confidential."  If, in the course of discovery or other proceedings in this action, Defendant or Plaintiffs or any party to the litigation, or any third party, discloses or produces Protected Healthcare Information or HIPPA Protected Health Information (documents, testimony, written responses, or other materials produced in this case), the producing entity may designate such material as "Attorneys' Eyes Only."  The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only."

3.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. Consistent with the requirements of 45 C.F.R. § 164.512(e)(1)(v) any party or third-party is prohibited from using or disclosing HIPPA Protected Health Information for any purpose other than this litigation. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.    If a party seeks to file with the Court any documents marked "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such documents, the party must redact all personal identifying information of any third-party student, patient, or client.  If the personally identifying information of third-party students, patients, or clients cannot

be redacted, then if any portions of documents or other materials labeled "Confidential "or "Attorneys' Eyes Only" or any papers containing or making reference to such materials that contain such personally identifying information are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

or

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.  Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses FERPA Protected Documents, Protected Healthcare Information, HIPPA Protected Health Information, or Other Confidential Information. If a transcript containing any such material is

filed with the Court and cannot be redacted as described in paragraph 4 above, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been redacted to avoid disclosure of personally identifying information or filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, or officer of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic

reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

 f. The authors and the original recipients of the documents.

 g. Any court reporter or videographer reporting a deposition.

 h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

 i. Anticipated and actual fact witnesses other than the parties to the litigation, provided that counsel has a good-faith basis to disclose such information to such witness.

 j. Any persons being deposed during the course of this litigation.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," (as to which personally identifying information has not been redacted) persons listed under paragraph 7(c) or 7(d), 7(i) or 7(j) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, and personally identifying information cannot be redacted, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any

other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or

"Attorneys' Eyes Only."

14.     With respect to HIPPA Protected Health Information that was produced to a party or third-party, the party or third-party must destroy all protected health information (including all copies made) at the end of the litigation under 45 C.F.R. § 164.512(e)(1)(v) independent of a request for the destruction of confidential records. For all other confidential information that is not HIPPA Protected Health Information, upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of all discovery documents regardless of the designation of the documents for the time period necessary to comply with the ethical rules governing their practice, but for no longer.

15.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

## STIPULATION

The parties, by and through their respective attorneys, stipulate to the entry of this order.

Respectfully submitted this 6th day of May, 2025.

| PLAINTIFFS | DEFENDANT |
|---|---|
| By: /s/Jennifer Middleton<br>Jennifer J. Middleton (OSB No. 071510)<br>jmiddleton@justicelawyers.com<br>**JOHNSON JOHNSON LUCAS & MIDDLETON PC**<br>975 Oak St., Ste. 1050<br>Eugene, OR 97401-3124<br>Tel: 541-484-2434<br><br>Michael Rubin (pro hac vice)<br>Eve H. Cervantez (pro hac vice)<br>Matthew J. Murray (pro hac vice)<br>Aaron M. Schaffer-Neitz (pro hac vice)<br><br>mrubin@altber.com<br>ecervantez@altber.com<br>mmurray@altber.com<br>aschafferneitz@altber.com<br>**ALTSHULER BERZON LLP**<br>177 Post St., Ste. 300<br>San Francisco, CA 94108-4733<br>Tel: 415-421-7151<br><br>Arthur H. Bryant (*pro hac vice*)<br>abryant@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>95 3rd St., 2nd Floor<br>San Francisco, CA 94103-3103<br>Tel: 213-788-4050<br><br>Carey Alexander (*pro hac vice*)<br>calexander@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>590 Madison Ave., 21st Floor<br>New York, NY 10022-8553<br>Tel: 646-290-6009<br><br>Lori Bullock *(pro hac vice)*<br>lbullock@bullocklawpllc.com<br>**BULLOCK LAW PLLC**<br>309 E. 5th Street, Suite 202B<br>Des Moines, Iowa 50309<br>Tel: 515-423-0051<br>*Attorneys for Plaintiffs and the Proposed Classes* | By: /s/ Stephen English<br>Stephen F. English, OSB No. 730843<br>SEnglish@perkinscoie.com<br>Sarah J. Crooks, OSB No. 971512<br>SCrooks@perkinscoie.com<br>Adrianna Simonelli, OSB No. 222481<br>ASimonelli@perkinscoie.com<br>**PERKINS COIE LLP**<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, Oregon 97209-4128<br>Telephone: +1.503.727.2000<br>Facsimile: +1.503.727.2222<br><br>*Attorneys for Defendant*<br>*University of Oregon* |

**ORDER**

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:

_____
Judge Michael J. McShane
U.S. District Judge