Jennifer J. Middleton (OSB No. 071510)
jmiddleton@justicelawyers.com
**JOHNSON JOHNSON LUCAS &**
**MIDDLETON PC**
975 Oak St., Ste. 1050
Eugene, OR 97401-3124
Tel: 541-484-2434

Arthur H. Bryant (*pro hac vice*)
arthur@arthurbryantlaw.com
**ARTHUR BRYANT LAW, P.C.**
1999 Harrison St., 18th Floor
Oakland, CA 94612-4700
Tel: 510-391-5454

Lori Bullock (*pro hac vice*)
lbullock@bullocklawpllc.com
**BULLOCK LAW PLLC**
309 E 5th Street, Suite 202B
Des Moines, Iowa 50309
Tel: 515-423-0051

Michael Rubin (*pro hac vice*)
Eve H. Cervantez (*pro hac vice*)
Matthew J. Murray (*pro hac vice*)
Robin S. Tholin (*pro hac vice*)
mrubin@altshulerberzon.com
ecervantez@altshulerberzon.com
mmurray@altshulerberzon.com
rtholin@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post St., Ste. 300
San Francisco, CA 94108-4733
Tel: 415-421-7151

*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| ASHLEY SCHROEDER, *et al.*, | Case No.  6:23-cv-01806-MC |
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF REQUEST TO UNSEAL DOCUMENTS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER (ECF 91 ¶4)** |
| UNIVERSITY OF OREGON, | |
| Defendant. | |

## L.R. 7-1 CERTIFICATION

Plaintiffs' counsel repeatedly attempted to confer in good faith by telephone and through emails with counsel for defendant University of Oregon ("UO") about this request to unseal certain documents submitted in support of class certification, which the Protective Order in this case required plaintiffs to initially file under seal.

In particular, plaintiffs' counsel repeatedly asked defense counsel to meet and confer by telephone and left two voicemails with defense counsel seeking to do so. Defense counsel did not agree to meet and confer by telephone. Counsel for both parties exchanged emails on September 22 and 23, 2025 concerning this unsealing request.

Plaintiffs understand from defense counsel's emails that UO opposes plaintiffs' request to unseal the documents at issue here, although it is still not clear why. In the parties' most recent email exchange, plaintiffs' counsel informed defense counsel that plaintiffs would be filing this request to unseal documents and that if UO chooses to file a motion pursuant to paragraph 4 of the Protective Order to maintain any portion of any of the documents at issue here under seal, plaintiffs' counsel will be available to meet and confer about that motion.

## REQUEST TO UNSEAL PURSUANT TO PROTECTIVE ORDER ¶4

Plaintiffs request that the Court unseal the three documents that plaintiffs were required to file under seal on September 22, 2025, pursuant to the Protective Order in this case:

(1) the Unredacted Plaintiffs' Motion for Class Certification (ECF 103);

(2) Exhibit G to the Declaration of Robin S. Tholin (ECF 106.1); and

(3) Exhibit H to the Declaration of Robin S. Tholin (ECF 106.2).

Plaintiffs submit this request pursuant to paragraph 4 of the Protective Order, which provides:

> If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file

the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

ECF 91 ¶4.

Exhibits G and H to the Tholin Declaration are excerpts from the transcripts of the depositions of UO Associate Athletic Director and Chief Compliance Officer Jody Sykes and UO Senior Associate Athletic Director and Chief Financial Officer Billy Blood, respectively. Tholin Decl. (ECF 105) ¶¶9, 11. Their testimony discusses UO's athletics program and is directly relevant to plaintiffs' motion for class certification. The Protective Order in this case provides that "[u]nless otherwise agreed, all deposition transcripts shall be treated as 'Confidential' until the expiration of the thirty-day period" following the parties' receipt of the transcript. ECF 91 ¶5. Plaintiffs received these two transcripts in early September, less than 30 days before the due date for filing their motion for class certification. Tholin Decl. ¶¶10, 12. To comply with the Protective Order, plaintiffs filed the transcript excerpts under seal, redacted quotations from the transcripts in the publicly filed version of Plaintiffs' Motion for Class Certification (ECF 104), and filed an unredacted version of the Motion for Class Certification under seal (ECF 103).

The public has the right to see these documents, which discuss the operations of a public university and have now been filed with this Court. "'[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978)). There is no basis for keeping the contents of these two transcript excerpts or plaintiffs' complete unredacted Motion

for Class Certification under seal. Pursuant to paragraph 4 of the Protective Order, plaintiffs thus request that the Court order these documents to be unsealed.[1]

When plaintiffs' counsel informed defense counsel that plaintiffs would be submitting this request to unseal, defense counsel responded by email that UO had designated the entirety of the transcript of Jody Sykes as "confidential," that UO would review and consider whether to designate portions of the transcript of Billy Blood as "confidential," and that UO "anticipate[d]" not being able to complete that review until "the end of next week." Defense counsel did not identify any justification for keeping the filed excerpts of these depositions or plaintiffs' unredacted Motion for Class Certification under seal, other than citing the provision in the Protective Order that presumptively required deposition transcripts to be treated as "Confidential" for 30 days, and asserting that UO designated the entire Sykes deposition transcript as confidential.

Under the Protective Order, "If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document." ECF 91 ¶4. Plaintiffs thus request that the Court order the documents unsealed. Under the Protective Order, the documents must be unsealed unless UO files a motion to maintain those documents under seal within ten days from today, i.e., by Monday, October 6, 2025 (10 calendar days from today falls on the weekend).

---

[1] In the filed excerpts of the sealed Sykes transcript (Tholin Ex. G, ECF 106.1), plaintiffs redacted testimony that UO expressly marked as confidential during the deposition where that testimony appeared on the same page as cited portions of the transcript. This material will remain redacted even when the excerpts of the Sykes transcript is unsealed, because it was not cited in plaintiffs' motion for class certification.

Under Ninth Circuit law, if UO files such a motion, it will bear the burden to demonstrate "compelling reasons" to keep these documents sealed. *See Cahill v. Non-Party Media Organizations Insider Inc.*, No. 24-165, 2025 WL 841196, at *1 (9th Cir. Mar. 18, 2025) ("compelling reasons" standard applies to request to keep sealed documents that were attached to class certification motion); *Ctr. for Auto Safety*, 809 F.3d at 1096 (discussing "stringent" "compelling reasons" standard that party seeking to seal filed documents must meet to overcome "strong presumption" against sealing, given strong interest in public access to court documents).

UO has offered no reason why the documents at issue should be sealed, let alone "compelling reasons" sufficient to satisfy the Ninth Circuit's stringent standard in favor of public access to court documents. There is no such justification for keeping sealed the excerpts of the two depositions that have now been filed with the Court in support of plaintiffs' motion for class certification, let alone plaintiffs' unredacted motion for class certification itself.

Dated: September 24, 2025

Respectfully submitted,

*/s/ Matthew J. Murray*

Jennifer J. Middleton (OSB No. 071510)
jmiddleton@justicelawyers.com
**JOHNSON JOHNSON LUCAS &
MIDDLETON PC**
975 Oak St., Ste. 1050
Eugene, OR 97401-3124
Tel: 541-484-2434

Michael Rubin (*pro hac vice*)
Eve H. Cervantez (*pro hac vice*)
Matthew J. Murray (*pro hac vice*)
Robin S. Tholin (*pro hac vice*)
mrubin@altshulerberzon.com
ecervantez@altshulerberzon.com
mmurray@altshulerberzon.com
rtholin@altshulerberzon.com
**ALTSHULER BERZON LLP**
177 Post St., Ste. 300

San Francisco, CA 94108-4733
Tel: 415-421-7151

Arthur H. Bryant (*pro hac vice*)
arthur@arthurbryantlaw.com
**ARTHUR BRYANT LAW, P.C.**
1999 Harrison St., 18th Floor
Oakland, CA 94612-4700
Tel: 510-391-5454

Lori Bullock (*pro hac vice*)
lbullock@bullocklawpllc.com
**BULLOCK LAW PLLC**
309 E 5th Street, Suite 202B
Des Moines, Iowa 50309
Tel: 515-423-0051

*Attorneys for Plaintiffs and the Proposed Classes*