IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ASHLEY SCHROEDER, *et al.*,

Plaintiffs,

v.

UNIVERSITY OF OREGON,

Defendant.

Case No. 6:23-cv-01806-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiffs Ashley Schroeder, *et al*., bring this action, alleging that Defendant University of Oregon ("University") violated Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, by discriminating against female student-athletes. In May of this year, this Court denied Plaintiffs' motion for class certification with respect to Plaintiffs' proposed Treatment and Benefits classes, Financial Aid damages class, and Effective Accommodation class. Op. and Order ("Order Denying Class Certifications") 16, ECF No. 158.[1] Defendant University of Oregon now moves this Court to stay all proceedings pending the Ninth Circuit's resolution of Plaintiff's interlocutory appeal. Def.'s Mot., ECF No. 170. For the reasons discussed below, the Court GRANTS Defendant's Motion to Stay. *Id.*

## BACKGROUND

The Court omits the factual background, which is well known by this Court and the Parties. On May 28, 2026, the Court denied certification of the Plaintiffs' proposed Treatment and Benefits

[1] The Court states that it will determine certification of a Financial Aid injunctive class following a ruling on the merits. Order Denying Class Certifications 16.

classes, Financial Aid damages class, and Effective Accommodation class under a Title IX cause of action. Order Denying Class Certifications 16. On June 11, 2026, Plaintiffs filed a Rule 23(f) petition with the Ninth Circuit Court seeking to appeal this Court's order denying class certification. Pet. for Rule 23(f) Appeal, No. 26-3762, ECF No. 1, June 11, 2026. In their petition, Plaintiffs argued that this Court manifestly erred in denying class certification. *Id*. at 1. Plaintiffs rejected the Court's determination that none of the nine proposed class representatives satisfied Rule 23(a)(3)'s typicality requirement. *Id.* The crux of Plaintiffs' argument contends that this Court misapplied Rule 23(a)(3)'s typicality analysis. *Id*. at 1–2. Relevant here, Plaintiffs insist that the Court "inexplicabl[y] fail[ed] to apply the Title IX standard that the court itself acknowledged as controlling." *Id*. at 1. Plaintiffs characterize the Court as backpedaling on its own previous articulation of "well-settled" Title IX principles by denying class certification in the instant case. *Id*. at 2. Plaintiffs highlighted the Court's earlier recognition that evaluating treatment and benefits claims required more than just comparing beach volleyball and football. *Id.* at 6 (citing Op. and Order 19, ECF No. 83). Plaintiffs lean heavily on this Court's earlier insistence that such analysis instead requires weighing "program-wide disparities in the University's treatment of female and male varsity athletes as a whole." *Id*. Among the questions presented in the 23(f) petition for appeal, Plaintiffs ask the Ninth Circuit the following:

> "[w]hether the district court manifestly erred by denying certification of plaintiffs' Title IX equal treatment and benefits claims for lack of typicality, *when settled Title IX precedent establishes that every class member's claim requires the same program-wide comparison of how UO treats its male and female athletes as a whole*, and Rule 23(a)(3) focuses on the nature of class members' claims, not their individual factual circumstances."

Pet. for Rule 23(f) Appeal 9–10, No. 26-3762, June 11, 2026 (emphasis added).

Following appeal, Defendant moved to stay all proceedings before this Court. Def.'s Mot. Concurrently, the parties also briefed this Court on several discovery matters, including (1)

Plaintiffs' request for additional depositions and (2) a determination on whether certain University varsity head coaches may be deposed. ECF No. 169, 172–73, 175.

**LEGAL STANDARD**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Under Rule 23(f), when a class certification decision is appealed, either the district court or court of appeals may order a stay. While the Ninth Circuit "has not articulated a specific standard for evaluating a proposed stay pending decision of a Rule 23(f) appeal," *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072–73 (S.D. Cal. 2019), this Court is convinced that the *Landis* test is the appropriate analysis. *See In re Bank of Am. California Unemployment Benefits Litig.*, No. 21MD2992-GPC(MSB), 2025 WL 2374902 (S.D. Cal. Aug. 15, 2025) (explaining that "a Rule 23(f) petition seeking permission to appeal an order on a class certification order is an interlocutory appeal and not a final judgment" for which the *Nken/Hilton* test would apply).[2] Neither party disputes that *Landis* is the appropriate test for determining whether the proceedings should be stayed.

Under *Landis,* when considering a motion to stay the proceedings, a court weighs three competing interests: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity that a party may suffer if required to go forward, and (3) whether the stay simplifies or complicates the issues, proof, and questions of law. *CMAX, Inc. v. Hall*, 300 F.2d 265,

---

[2] The *Nken/Hilton* test arises out of *Nken v. Holder*, 556 U.S. 418 (2009) and *Hilton v. Braunskill*, 481 U.S. 770 (1987) and applies "only when a party seeks the stay of execution of a judgment or order that modifies the status quo pending the resolution of the correctness of that order or judgment by the appellate court." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 n.1 (S.D. Cal. 2019). Under the *Nken/Hilton* test, a court considers the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " *Andrade Rico v. Beard*, 2019 WL 4127206, at *5 (E.D. Cal. Aug. 30, 2019).

268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–255). A district court may exercise its inherent power to control the cases on its docket in a manner that "promote[s] economy of time and effort for itself, for counsel, and for litigants." *Id.* at 268. As a general matter, litigation is not itself considered a hardship that warrants staying a case. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–70 (9th Cir. 2007). But if the moving party fails to show that it will suffer "hardship or inequity" absent a stay *and* there is even a "fair possibility" that the nonmoving party will be harmed if one is issued, a stay may be inappropriate, regardless of the Court's desire to control its docket. *Id.*

## DISCUSSION

Taken together, the three *Landis* interests favor a stay. While the delay resulting from a stay may harm Plaintiffs as the nonmoving party, it is outweighed by the unnecessary complication of issues and questions of law at this stage in litigation. Without a stay, continuing to probe these questions (potentially unnecessarily) will *also* result in hardship for both the parties. The Defendant, in particular, runs the risk of shouldering unnecessary, duplicative, and inefficient discovery and associated costs. Put plainly, staying all proceedings is prudent. This is true, no matter how the Ninth Circuit ultimately rules on Plaintiffs' appeal. As both parties agree, discovery should be completed only *once*. Pl.'s Opp'n 5, ECF No. 174. Today's Opinion and Order reflects the Court's unwillingness to later engage in any needless recalibration of discovery when patience for a Ninth Circuit ruling would provide needed clarity.

### I. Possible Loss of Memory and Witnesses May Damage Plaintiffs' Position

Under *Landis*, the Court first considers any possible damage to the non-movant. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–255). Here, Plaintiffs argues that they will suffer serious prejudice if proceedings (i.e., discovery) are stayed, citing (1) delay in injunctive relief to

female student-athletes at the University of Oregon, and (2) the potential loss of now-discoverable information which may be lost through fading memories and job turn-over at the University. Pl.'s Opp'n 6. By contrast, Defendant argues that Plaintiffs fail to identify any concrete, non-speculative harm stemming from a stay; rather all named plaintiffs have either graduated, transferred, or left the University—eliminating the remedial purpose of injunctive relief. Def.'s Reply 2, ECF No. 176.

Defendant appears correct. Plaintiffs do not dispute that every named plaintiff has either graduated, transferred, or dropped out of the University. *Id.* If the case proceeds as individualized claims, the injunctive relief would be missuited for Plaintiffs as a remedy because it would not be a timely redress for *their* alleged harms. Because this Court denied class certification, injunctive relief for female-athletes not party to this litigation is outside the scope of what it considers at this juncture.

Plaintiffs' more convincing argument is that a stay may deprive them of discovering information that may be lost by now-current employees who leave the University or otherwise forget relevant information while the Ninth Circuit considers their appeal. *See Andrade Rico v. Beard*, 2019 WL 4127206, at *8 (E.D. Cal. Aug. 30, 2019) (explaining that "successfully arguing that delay will be prejudicial" requires "greater specificity regarding the potential prejudice," such as a showing that "the delay involved in the appeal will likely be lengthy" or "successfully arguing that delay will be prejudicial due to fading memories"). The Court does not discount Plaintiffs' concerns. However, the contour of Plaintiffs' potential prejudice is subject to a great deal of speculation and is mitigated by Defendant's acknowledged duties to preserve all relevant evidence. *See Frantz v. Force Factor, LLC*, No. 20-CV-1012-MMA (KSC), 2020 WL 8666386, *3 (S.D. Cal. Nov. 16, 2020)(noting a "relatively minimal concern" with the risk of evidence being lost or

destroyed because the court favorably views "both parties [] obligation to preserve evidence" as effective mitigation). While each party independently estimates the length of the Ninth Circuit appeal process, this Court denies partaking in the same guesswork, seeing it unwise to balance possible harm by weighing such unknowns. *See* Pl.'s Opp'n 1 (claiming that Ninth Circuit appeal will last a "year or more"); Def.'s Mot. 6 (claiming that Ninth Circuit appeal will last "a few months").

At a minimum, this Court knows that the requested stay will last the duration of the Ninth Circuit appeal, and that the appeal is not impermissibly "indefinite in nature." *Frantz*, 2020 WL 8666386, at *3 (citing *Dependable Highway Exp., Inc.*, 498 F.3d at 1066); *see Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court"); *contra Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007)(denying a stay in large part because it would be "both indefinite and expected to be lengthy," lasting "as long as the five- or six-year limitation period in the criminal cases" for which stay would apply).

The Court recognizes that any loss in relevant information may harm Plaintiffs. While Plaintiffs' fears are neither irrational nor illogical, the specifics of the potential harm are nevertheless speculative. The risk is minimized by safeguards and expectations known by the litigating parties and their counsel (e.g., preserving evidence during a stay).

## II. <u>**Requiring Wasteful and Inefficient Discovery Is a Hardship for the Defendant**</u>

Weighing the second *Landis* interest, the Court considers the hardship or inequity that the moving party—here, the Defendant—will suffer if a stay is not granted. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–255). Defendant argues that it would face the hardship of wasteful,

inefficient, and possibly wholly unnecessary discovery, if proceedings continue. Def.'s Mot. 7. Defendant also asserts that if this Court's ruling to deny class certification is affirmed then it already meets its Rule 26(b) discovery obligations because it has produced all "nonprivileged matter that is relevant to [the named plaintiffs'] claim[s] or defense[s] and proportional to the needs of the case." Def.'s Mot. 8. In response, Plaintiffs explain that proceedings should not be stayed because the discovery required for individualized claims is the same *regardless* of whether the case proceeds as a class action or not. Pl.'s Opp'n 5.

At this time, the Court will not opine on the *relevance* and *proportionality* of discovery requests nor the parties' outstanding discovery disputes regarding the appropriate numbers or subjects of depositions. *See* Fed. R. Civ. P. 26(b)(1). The Court likewise declines to comment on whether Defendant's already-provided discovery (e.g., nearly 287,000 pages, full-day depositions of four University senior officials, and a three-day full-access inspection of every single athletic facility) satisfies its Rule 26(b) discovery obligations. Irrespective of *how much* has already been produced in discovery, this Court's current concern is determining whether Plaintiffs' outstanding discovery requests are properly tailored to the remaining individual claims. *See* Def.'s Mot. 6.

"It is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens." *Babare v. Sigue Corp.*, No. C20-0894, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020). "[W]hile being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*, requiring a party to conduct substantial, unrecoverable, and wasteful discovery on matters that could be mooted by a pending appeal may constitute hardship or inequity sufficient to justify a stay." *Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019)(citations and internal quotation marks omitted).

Homing in on Plaintiffs' position, they argue "that resolution of the class certification appeal . . . will not change the elements of the claims that plaintiffs must prove or the defenses that [University] might assert." Pl.'s Opp'n 9. Pointing to the Court's own language, Plaintiffs describes how "an overall comparison of the male and female athletic programs" is required regardless of the Ninth Circuit resolves the Plaintiffs' appeal. *Id.* (citing Op. and Order 19, ECF No. 83). However, with the legal substance of the matter inextricably woven into the merits of the Plaintiffs' 23(f) appeal, this Court chooses not to wade further into these waters when guidance is forthcoming. Right now, the Court need only rely on its experience-informed understanding that discovery for individual claims would likely look different than discovery supporting a class action. For this assertion, the Court even points to the Plaintiffs' own counsel who admitted during a scheduling conference that "[i]f the Ninth Circuit reverses the denial of class certification . . . that might be a reason to expand discovery later." Crooks Decl. Ex. 2, 4:5–13, ECF No. 171.

A later change in the scope of discovery is precisely what Defendant seeks to avoid and what this Court would consider wasteful and inefficient discovery amounting to hardship. Here, patience will more likely than not save the parties time, energy, and cost.

## III. <u>A Stay Simplifies the Issues, Proof, and Questions of Law</u>

Finally, *Landis* requires this Court to consider whether a stay will simplify or complicate the issues, proof, and questions of law here. *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–255). On this point, the Court re-echoes that—contrary to Plaintiffs' arguments—this Court is *not* convinced that discovery will look the same if the case proceeds with individualized claims rather than as a class. At this time, the Court will not entertain proceeding with discovery on a handful of claims, only to later receive requests about changing or fielding motions for renewed

and supplementary discovery . The purpose of a stay is to avoid "potentially unnecessary work by all those involved." *Andrade Rico*, 2019 WL 4127206, at *7.

Stays promote the "'orderly course of justice' and judicial efficiency" by ensuring that "parties will not have to engage in discovery efforts [that] may later have to be recalibrated" or "duplicate their efforts if the Ninth Circuit allows Plaintiffs to proceed as a class." *Hooper v. City of Seattle*, 2017 WL 11437103, at *1 (W.D. Wash. Dec. 20, 2017). The need to recalibrate discovery would further complicate the issues, proof, and questions of law in this case.

Finally, the district court's denial of certification rested on the determination that the beach volleyball plaintiffs' experiences were not typical of those of the broader population of female student-athletes. The Court specifically identified the unique circumstances of the beach volleyball program and determined that the individual damages and injunctive relief that they are seeking did not reflect the experience of all female student athletes at the University of Oregon, past and present. While the discovery between the individual claims of the Plaintiffs may overlap to a degree with that of the class they would purport to represent, the scope of relief that is sought on a class level would present a remarkably different trial.

The distinction is not simply that a class trial is more factually complex. It is. Rather, it is that the individual trial would use program-wide evidence to resolve the claims of particular plaintiffs, whereas a class trial would use that evidence to establish liability and potentially entitlement to relief for a vastly larger group of people. It is hard to imagine that a jury determination of individual damages, if proven by the Plaintiffs, would be determinative of the proposed class damages. For example, determining the amount of financial aid each current plaintiff was entitled to is a relatively easy task. But compare that with a determination of whether hundreds of athletes were eligible for and should have received particular forms of financial aid.

Because the current trial litigation cannot arguably resolve the questions of damages and broad injunctive relief that would be necessitated by class certification, a stay promotes economy of time and effort for both the court and the litigants.

## CONCLUSION

Because the Ninth Circuit's decision is likely to bear on the scope, needs, and specific structure of discovery, and because the balance of possible hardship significantly favors Defendant, this Court **GRANTS** Defendant's Motion to Stay. At this time, the Court declines to resolve discovery disputes regarding Plaintiff's request to increase the default deposition limit or whether University varsity head coaches are shielded by Defendant's proposed protective order. The Court will consider these matters upon Ninth Circuit resolution of the appeal on class certification.

Defendant's Motion for Stay, ECF No. 170, is **GRANTED**.

IT IS SO ORDERED.

DATED this 9th day of November 2026.

s/Michael J. McShane

Michael J. McShane
United States District Judge